137 So.2d 1 (1962)
Kathleen F. SCHNEDL, Individually and As Executrix of the Estate of Anton B. Schnedl, Deceased, Appellant,
v.
Evelyn Z. RICH, As Executrix of the Estate of Russell E. Rich, Jr., Deceased, Appellee.
No. 2536.
District Court of Appeal of Florida. Second District.
January 17, 1962.
Rehearing Denied February 8, 1962.
*2 Farish & Farish, West Palm Beach, for appellant.
Robert Parker, West Palm Beach, of Anderson & Hope, Palm Beach, and O'Connell & Cooper, West Palm Beach, for appellee.
WHITE, Judge.
Appellant Kathleen F. Schnedl, as surviving wife of Anton B. Schnedl and personal representative of his estate, recovered judgment on a jury verdict for $16,000.00 in an action for wrongful death.[1] She complains that the amount awarded was grossly inadequate and that the judgment should be reversed for a new trial with respect to the amount of damages.
The plaintiff's husband was killed in an airplane crash in which the defendant's decedent, Russell E. Rich, owner and pilot of the airplane, was also killed. The two men, with one other, were flying from Lantana Airport to Melbourne to salvage equipment from an airplane which plaintiff's decedent had crashed earlier the same day. The third occupant, Thomas A. Stokes, Jr., was the only survivor of the crash with which we are here concerned. All three men were pilots and had undertaken the trip after weather reports indicated good visibility with scattered showers. A thick cloud was encountered near Fort Pierce and, after some discussion between Russell Rich and Thomas Stokes, the flight proceeded under the cloud rather than around it and over the ocean. They ran into heavy rain, lost visibility and crashed.
The complaint alleged that the death of plaintiff's decedent was due to the negligence of defendant's decedent, Russell Rich, as pilot of the airplane. Contributory negligence was not pleaded and the defense of assumption of risk was ruled out, leaving for determination the issues of defendant's negligence vel non and the amount of damages in the event of liability.
It is urged on appeal that the amount of the verdict was less than what would otherwise have been awarded had counsel for the defendant not made improper and prejudicial arguments on non-existent issues. At the trial Thomas Stokes, the sole survivor, testified in part as follows:
"Q. Just before this from the time you took off at Valkaria had Mr. Schnedl said anything from the back seat?
"A. No.
"Q. Do you know whether he was asleep or awake?
"A. I couldn't say, I don't know."
Plaintiff's decedent was, of course, in the airplane although he apparently did not participate actively in the conference between Rich and Stokes as to what course should be followed with reference to the cloud formation. In addressing the jury, counsel for the defendant argued as follows:
"Did Mr. Rich fly immediately down? No, he didn't. He had a consultation with Mr. Stokes. Mr. Rich and Mr. Stokes discussed it. Mr. Rich asked the question, `Should we fly out over the ocean around it or should we follow the Turnpike,' and Mr. Stokes replied that he felt that they should follow the Turnpike, and I think that his reasoning as stated was in the event of difficulty they could make a landing, whereas if they were over the ocean in a land plane of course they couldn't.

*3 "Under the circumstances did Mr. Stokes raise any question about their ability to safely proceed under the cloud? `No.'
"Did Mr. Schnedl raise any question about their ability to safely proceed under the cloud? `No.' * * *
"I don't know how anyone in this Courtroom whether he be expert or not, could reasonably pass judgment on a decision made by those three men at that time."
The appellant's first point for reversal is that defense counsel, in so addressing the jury, in effect argued assumption of risk and contributory negligence which was highly improper and prejudicial to the plaintiff. The point is not well taken. The question of whether the defendant's decedent was negligent was as yet undetermined. The protested argument was predicated upon the "reasonable man" theory in a defensive explanation of an allegedly negligent act under a pleading of general denial of liability. The argument thus was within the orbit of the pleadings and the evidence. Moreover the jury found for the plaintiff on the issue of liability, indicating that any argument suggesting contributory negligence or assumption of risk was in fact rejected.
Counsel in addressing the jury should, of course, confine his arguments fairly within the range of the issues and the evidence with logical deductions therefrom; but he is accorded wide latitude. Alford v. Barnett National Bank of Jacksonville, 1939, 137 Fla. 564, 188 So. 322; Watkins v. Sims, 1921, 81 Fla. 730, 88 So. 764. There is nothing from which to conclude that the doctrine of comparative negligence entered into the verdict in the instant case. The jury was not charged with the doctrine, nor was it discussed at the trial; and any conclusion that the jury was influenced by nonevidentiary matters or inapplicable principles of law would be mere supposition and conjecture.
Appellant's prime point on appeal is that, under the evidence before the jury, the verdict was palpably inadequate. The amount of a verdict, unless clearly arbitrary or so excessive or inadequate as to shock the judicial conscience, will not be disturbed on appeal. Little River Bank and Trust Company v. Magoffin, Fla. 1958, 100 So.2d 626. In Goldstein v. Walters, Fla.App. 1961, 126 So.2d 759, 761, the court recognized and quoted Radiant Oil Company v. Herring, 1941, 146 Fla. 154, 200 So. 376, 378;
"* * * Such verdicts will not be set aside for the mere reason that they are less than the Court thinks they should be. It must be shown that the verdict was induced by prejudices or passion, some misconception of the law or the evidence or it must be shown that the jury did not consider all the elements of damage involved, missed a consideration of the issues submitted or failed to discharge their duty as given them by the Court's charge. 20 R.C.L. 283."
The appellant cites Frazier v. Ewell Engineering and Contracting Co., Fla. 1952, 62 So.2d 51, wherein the Supreme Court of Florida held that a verdict of $66,000.00 for the widow of a 64 year old decedent was not excessive as a matter of law in the circumstances of that case. In the present case the decedent was 66 years of age at the time of his death, with a mortality table life expectancy of approximately 12 years. Appellant urges that if a verdict of $66,000.00 in 1952 to a widow of a 64 year old decedent was not excessive, it follows that a $16,000.00 verdict in 1960 to a widow of a 66 year old man, whose recent $14,000.00 yearly income was larger than that in the first case, must be inadequate. We can not agree. The argument is plausible; but it fails to take into account inter alia the rightful authority of the jury to determine, under all the circumstances of this case, that the life expectancy of plaintiff's *4 decedent was considerably less than that indicated by the mortality tables. Loftin v. Wilson, Fla. 1953, 67 So.2d 185; 9 Fla. Jur., Damages, § 55.
It is further contended by appellant that the court erred in excluding certain proffered testimony of an income tax expert with reference to the interpretation of income tax returns of plaintiff's decedent. Tax returns for three years were admitted in evidence. Portions of the proffered testimony concerning equipment depreciation were excluded. In a colloquy with Attorney Farish, representing plaintiff-appellant, the court said:
"Well, your objection to one side, it seems to me that we may not need to have anyone tell us how to read an income tax return. Everybody makes them out and I think that unless it is some very, very complicated thing that nobody ever heard of, that we don't need it. I would prefer not to risk getting error in the record. I am not completely satisfied that their objection is not good.
"Mr. Farish: Your Honor, I want to go along with Your Honor's reasoning. I believe you are stating that the returns speak for themselves.
"The Court: Yes.
"Mr. Farish: I think you are correct. I just wanted to be sure that the jury, if by chance they didn't understand that item."
And further:
"The Court: * * * Is there some extraordinary question here?
"Mr. Farish: I don't believe there is, your Honor.
"The Court: I believe it is sufficient."
Thus it was agreed that the tax returns spoke for themselves and were, presumably, within the comprehension of the ordinary intelligent juror. The exclusion of additional and unnecessary testimony on such uncontroverted items obviously was not prejudicial. Millar v. Tropical Gables Corp., Fla.App. 1958, 99 So.2d 589.
There appearing no basis for holding the verdict of the jury inadequate, the judgment entered thereon was not error.
Affirmed.
SHANNON, C.J., and KANNER, J., concur.
NOTES
[1] F.S.A. §§ 768.01, 768.02.