PER CURIAM.
Defendants appeal a judgment awarding plaintiff $22,500.00 damages for property damages and personal injuries arising out of an automobile rear-end collision. The plaintiff was a 54 year old man with a life expectancy of approximately 20 years. Liability was conceded and, although there are seven points specified on appeal, we find that essentially the only question presented is whether or not the verdict of the jury was excessive.
The evidence tends to show that the plaintiff sustained a fracture of the fifth lumbar vertebra and muscular tears and ligament strain in the region of the neck and shoulders causing him to hold his head in an abnormal position because of pain. There was competent testimony to the effect that plaintiff’s injuries were limiting, permanent and painful and that he gave up a good position with potential because he was unable to keep the pace; that he accepted a selling job with less potential in order to support his family; that his automobile was damaged; that he was required to wear a back brace for an extended period; that he incurred and will continue to incur large medical expenses and that he will undergo pain and suffering in the future. There was testimony that the only treatment for alleviation of plaintiff’s back condition would be an operation to fuse the spine “which would be dangerous and disabling and expensive, and might not be successful. * * *"
A Dr. Roger A. Carlyle testified objectively that from his X-ray examination “the man has an unhealed fracture which should be disabling and should become worse and worse as time goes on; his disability should become greater as time goes on.” There were some conflicts of medical testimony, but the conflicts were competently resolved below.
As a defendant should not be unjustly mulcted in damages, so a plaintiff should not be denied full compensation when justly entitled to recover and a jury award should be accorded due respect. Tampa Transit Lines v. Smith, Fla.App.1963, 155 So.2d 557. The amount of a verdict, unless clearly arbitrary or so excessive or inadequate as to shock the judicial conscience, will not be disturbed on appeal. It must be shown that the verdict was induced by prejudice or passion or that there was some misconception of the law or evidence or that the jury did not consider all the elements of damage involved, missed consideration of the issues or failed to discharge their duty as charged. See Schnedl v. Rich, Fla.App.1962, 137 So.2d 1; Radiant Oil Company v. Herring, 1941, 146 Fla. 154, 200 So. 376, 378.
We cannot say on the record before us that there was any prejudicial trial error or that the verdict was excessive. As previously indicated, we deem it unnecessary to discuss remaining points raised on appeal.
Affirmed.
KANNER, Acting C. J., WHITE, J., and PATTISHALL, W. A., Associate Judge, concur.