242 So.2d 742 (1971)
Geraldine S. FURNARI and Richard V. Furnari, Her Husband, Appellants,
v.
Jack LURIE, Appellee.
No. 69-475.
District Court of Appeal of Florida, Fourth District.
January 8, 1971.
*743 Hale Baugh, of Driscoll & Baugh, Cocoa, for appellants.
Paul Bernardin, of Sands, Smalbein, Eubank, Johnson & Rosier, Daytona Beach, for appellee.
OWEN, Judge.
This is a dental malpractice action in which the trial court directed a verdict in favor of the defendant. We conclude that this was error and reverse.
Mrs. Furnari developed a severe toothache for which she consulted the defendant on an emergency basis. The defendant correctly diagnosed Mrs. Furnari's difficulty as an infected second molar, and recommended its extraction as the proper method of treatment. No complaint is made here as to either the diagnosis or the method of treatment undertaken. The negligence charged to the defendant was in the manner in which he administered such approved method of treatment. The issue here is simply whether the jury could be permitted to reach a conclusion as to whether the defendant was negligent in the administration of that treatment in the absence of any expert testimony to that effect.
The law in this jurisdiction is clear that in a malpractice case where the negligence charged is in the application or administration of an approved medical treatment, jurors of ordinary intelligence, sense and judgment are capable, in many cases, of reaching a conclusion without the aid of expert testimony. Atkins v. Humes, Fla. 1959, 110 So.2d 663; Levy v. Kirk, Fla. App. 1966, 187 So.2d 401; Cook v. Lichtblau, Fla.App. 1965, 176 So.2d 523; Brown v. Swindal, Fla.App. 1960, 121 So.2d 38. The difficulty arises in determining whether the facts in a specific case are such as to bring that case within the principle.
Dr. Lurie saw Mrs. Furnari as an emergency patient at 5:30 in the afternoon. The extraction of the infected molar proved to be quite difficult, and in fact, the tooth was broken during the operation as a result of which the infected palatal root was left in the patient's jaw. Neither patient nor dentist was aware of that fact at the time. The presence of the infected root tip in the jaw was discovered several days later when Mrs. Furnari consulted another dentist. The defendant testified that it was not unusual for teeth to break during extraction, and there is certainly no evidence that breaking the tooth was negligence. However, the defendant also testified (1) that the infected root tip should have been extracted, (2) that its continued presence in the patient's jaw could have been determined by him through any one of several means including an examination or inspection of the removed tooth fragments, or by post operative x-ray, or by probing of the extraction area, and (3) that none of these means were utilized at the time because, by the time this difficult operation was completed, both the dentist and the patient "had had it". When Mrs. Furnari returned to Dr. Lurie's office two days after the operation still complaining of intense pain, he assured her that all fragments of the tooth had been removed and that the wound was healing satisfactorily.
This evidence, which we have stated most favorably to Mrs. Furnari, would certainly permit (although not require) a jury to conclude even without the aid of expert testimony that the defendant was *744 negligent in failing to discover and remove the palatal root of the molar which the dentist had undertaken to extract. It was thus error for the court to withhold this case from the jury. The judgment is reversed and the cause remanded for a new trial.
Reversed and remanded.
WALDEN and REED, JJ., concur.