270 So.2d 705 (1972)
SEABOARD COAST LINE RAILROAD COMPANY, Petitioner,
v.
Ross J. McKELVEY, Jr., and Dade County, Florida, Respondents.
No. 42299.
Supreme Court of Florida.
November 22, 1972.
Rehearing Denied January 18, 1973.
Smathers & Thompson, Miami, for petitioner.
Nichols & Nichols, Miami, for Ross J. McKelvey, Jr.
William M. Hoeveler, of Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Miami, for Dade County, Florida.
ADKINS, Justice.
In this personal injury action, which comes to us as a question of great public interest duly certified by the Third District Court of Appeal, pursuant to Fla. Const., art. V, § 4(2) (1968), F.S.A., McKelvey, a 27-year-old railroad employee, lost his right arm while working for the seaboard Coast Line Railroad Company on a train operating on Dade County property.
McKelvey sued both the Railroad (under the Federal Employer's Liability Act) and the County, with the Railroad cross-claiming against the County.
*706 A jury verdict of $500,000.00 was awarded to McKelvey (followed by final judgment thereon) against the Railroad, and the County was released. Also, a verdict and judgment thereon was entered for the County and against the Railroad. A motion for new trial for excessiveness (and other grounds) was denied.
Upon appeal to the Third District Court of Appeal, 259 So.2d 777 (Fla.App.3d, 1972), the case was affirmed but was certified to this Court as one of great public interest with the certification in material aspects reading as follows:
"[T]hat the decision of this court `passes upon a question of great public interest,' because it determines there is at the present time no formula to establish the outer limits of a jury's discretion in awarding damages for future humiliation, pain, and suffering."
In view of the certified question, the petition for certiorari is granted; however, further briefs, record and oral argument are dispensed with. That which is now before us is more than sufficient for ultimate disposition of the case.
In treating the central issue involving establishment of outer limits of a jury's discretion in awarding damages for future humiliation, pain and suffering, let us first examine the pertinent facts set forth in the District Court's opinion, surrounding McKelvey's injury:
"The plaintiff was a young man of twenty-seven years of age, who was shown to be [prior to the injury] a very industrious, outgoing and likeable person, who supported his widowed mother and his sister, worked his way through college, and had a life expectancy of 45 1/2 years at the time of the injury. The evidence was that his earning capacity was ultimately $9,000.00 a year in his employment at the time of the injury, and that his earning capacity as now handicapped would be approximately $3,000.00 a year, leaving a total loss of earnings over a period of life expectancy of $228,000.00 which, reduced to today's worth, would be approximately $92,335.00. This, coupled with past loss of earnings of $8,665.00, results in a total loss of earnings of $101,000.00. Deducting this amount from the total verdict of $500,000.00 would leave $399,000.00 to compensate the plaintiff for pain and suffering and the loss of the arm." (259 So.2d 777, 780)
Consistently, our Courts have vested juries with the sound discretion to render verdicts in personal injury cases, upon the equally consistent admonition that there is ample evidence to support such verdicts and that the verdicts are not clearly arbitrary or so excessive as to indicate passion, prejudice, corruption, improper motive or to shock the judicial conscience. Handel v. Rudnick, 78 So.2d 709 (Fla. 1955); Sproule v. Nelson, 81 So.2d 478 (Fla. 1955); Little River Bank and Trust Company v. Magoffin, 100 So.2d 626 (Fla. 1958); Talcott v. Holl, 224 So.2d 420 (Fla.App.3d, 1969), cert. den. 232 So.2d 181 (Fla. 1969); Compania Dominicana de Aviacion v. Knapp, 251 So.2d 18 (Fla.App.3d, 1971), cert. den. 256 So.2d 6 (Fla. 1971); Florida East Coast Railway Company v. Stewart, 140 So.2d 880 (Fla.App.3d, 1962); Rite Rate Cab Company v. McGee, 159 So.2d 663 (Fla.App.2d, 1963). The safeguard of proper judicial review has been afforded in this case and the award passes review.
Quite obviously some speculation enters into most personal injury actions, but the yardstick does not exist which can measure future humiliation, pain and suffering of the injured with sufficient certainty to divest a jury of exercising its sound discretion to determine the damage award based upon the evidence and merits of each case under consideration.
The certified question having thus been answered and finding no merit in the other matters raised by the petitioner, the *707 decision UNDER REVIEW SUB JUDICE IS APPROVED.
It is so ordered.
ROBERTS, C.J., and BOYD, McCAIN and DEKLE, JJ., concur.