281 So.2d 406 (1973)
Bernard COHEN, As Executor of the Estate of Frances Barnett, Appellant,
v.
MARGOA, INC., a Florida Corporation, and Helen Rosen, Appellees.
No. 72-1153.
District Court of Appeal of Florida, Third District.
July 17, 1973.
Rehearing Denied September 4, 1973.
*407 Horton & Perse, Cohen & Cohen, Miami, for appellant.
Weissenborn, Burr & Hyman, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
PER CURIAM.
Following a judgment based on a jury verdict awarding the plaintiff $25,000 compensatory damages against two defendants and $50,000 punitive damages against one of them, the court, proceeding on the ground that the verdicts were excessive, ordered a remittitur of $7,500 of the compensatory damages and a remittitur of $25,000 of the punitive damage award, with provision for a new trial upon rejection thereof by plaintiff. The plaintiff declined to accede to the remittitur, and appealed.
The facts, in short summary, were that the plaintiff, who was over 70 years of age, was admitted to a nursing home operated by the defendant Margoa, Inc.; compensation therefor was being paid by the county, with a requirement that the patient endorse and deliver her monthly social security checks to the nursing home, to be applied for her benefit in a certain manner. For some period after admission the plaintiff did not receive her social security checks, and later one addressed to her was received at the nursing home. It was for approximately $1,300. The envelope was opened before delivery to her, and she was requested to endorse the check to the nursing home. The matter was not adequately explained to her. She did not understand the situation, and refused to comply with the request. Thereupon some force was used to obtain a transfer of the item by her. The incident resulted in personality and physical changes, and caused her substantial medical problems.
It is contended on behalf of the appellant that the remittitur order with the alternative of a new trial should be reversed because it was predicated only on the ground of excessiveness of the verdict, and was not based on grounds such as the verdict *408 was induced by passion or prejudice, or was against the manifest weight of the evidence, or was such as to shock the judicial conscience. Those grounds, had they existed and been so stated by the court, would have been reason to grant a new trial, rather than to order a remittitur.
On the remittitur order entered by the court the question is whether on the record the court properly could view verdicts as excessive, or, stated differently, whether excessiveness of the verdicts was shown or determinable on the record. Under the pronouncements of the Supreme Court in the leading case of De la Vallina v. De la Vallina, 90 Fla. 905, 107 So. 339, the court may require a remittitur if on the whole showing made by the record it appears that the damages awarded are excessive; that where from the face of the record the excess cannot be worked out with a mathematical precision, the excess may be arrived at by the court "through any process of reasoning actuated and controlled by the facts in the record and guided by an honest, sincere purpose to do justice to both parties to the cause in the light of these facts"; and that where the court, in line with the rule there announced has authorized as a remittitur, "his order should not be disturbed, unless it clearly appears that he abused his authority or violated a controlling provision or principle of law."
On consideration of the record we hold that the trial court had reason and justification in this case to hold that the verdicts were excessive, so as to prompt the ordered remittiturs.
The appellant, contending for the contrary position, argued that the facts of the case as revealed in the record were insufficient to furnish reasonable basis for the trial court to conclude that the verdicts were excessive. In our view it has not been shown that in ordering the remittiturs the trial court abused its authority or violated a controlling provision or principal of law.
The order appealed from is affirmed.