286 So.2d 589 (1973)
MIAMI SHORES VILLAGE, D/B/a Miami Shores County Club, Appellant,
v.
Mary BROWN and Roscoe Brown, Jointly and Severally, Appellees.
No. 73-522.
District Court of Appeal of Florida, Third District.
December 11, 1973.
*590 Adams, George & Wood, and John A. O'Connor, Miami, for appellant.
Engel & Palgon, Miami, for appellees.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
This is an appeal by the defendant below from an adverse judgment entered on a jury verdict. The action was brought by appellee Mary Brown, who will be referred to herein as the plaintiff, and her husband Roscoe Brown, alleging injury to Mary Brown caused by negligence of defendant, with derivative damages sought by her husband. The defendant denied negligence and pleaded contributory negligence.
The plaintiff was a member of an organization which was using the ballroom of the defendant's club building, on a rental basis. She was seated at one end of the "head table" which was on a raised platform. The table, covered by a cloth, was in unconnected sections which were not fastened to the platform. When the end table or part of the table at which the plaintiff was seated moved and slid off the platform, causing dishes and glasswear to fall and break, the plaintiff fell thereon and suffered certain injuries.
Appellant contends the court erred (1) by denying its motion for directed verdict at the close of the plaintiffs' case and at the close of all of the evidence; (2) by permitting testimony of an expert witness presented by the plaintiff; and (3) by denying defendant's motion to order a remittitur.
Upon consideration of appellant's contentions in the light of the record, briefs and argument, we find them to be without merit. On the evidence presented the court properly submitted the issues of negligence and contributory negligence to the jury. The admission of the expert testimony was not error. See Myers v. Korbly, Fla.App. 1958, 103 So.2d 215. In contending the verdict was excessive the appellant argues inadequacy of evidentiary support therefor and that the size of the verdict was such that it should shock the judicial conscience. The determination of damages to be awarded, based on the evidence and the charge of the court was a matter within the province of the jury. Upton v. Hutchinson, Fla. 1950, 46 So.2d 20, 21; Sproule v. Nelson, Fla. 1955, 81 So.2d 478, 481, 76 A.L.R.2d 1066; Talcott v. Holl, Fla.App. 1969, 224 So.2d 420, 422. The trial judge, when importuned to order a remittitur refused to do so. His denial thereof and of a motion for new trial reveals *591 that the court did not regard the size of the verdict to be shocking to the judicial conscience, nor do we. The verdict had support of competent substantial evidence.
Affirmed.