294 So.2d 30 (1974)
WASHWELL, INC., a Corporation D/B/a Washwell Laundromat, et al., Appellants,
v.
Victoria MOREJON, Appellee.
Nos. 73-856 to 73-858 and 73-876.
District Court of Appeal of Florida, Third District.
March 19, 1974.
Rehearing Denied May 21, 1974.
*31 Podhurst, Orseck & Parks and Walter H. Beckham, Jr., Stephens, Magill, Thornton & Sevier, Miami, for appellants.
High, Stack, Davis & Lazenby and William A. Friedlander, Miami, Yelen & Yelen, Coral Gables, Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Jeanne Heyward, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
PER CURIAM.
Appellant, defendant in the trial court, seeks review of a final judgment pursuant to a jury verdict awarding appellee-plaintiff $385,000 in damages.
The appeal in case number 73-856 has been consolidated with appellant's other appeals arising out of a cross-claim and third party claims filed by the appellant in the trial court. In view of our determination of case No. 73-856, it is unnecessary to disturb the jury's verdicts in these other cases.
The appellee in this cause, Mrs. Victoria Morejon, was at the time of the accident at appellant's laundromat, eighty-seven years old. The evidence demonstrated that Mrs. Morejon, while attempting to place a rug into a coin-operated machine on the premises, caught her left arm when the machine suddenly became activated and started to spin. As a result, her arm was severed just below the elbow. Appellee filed a complaint against appellant alleging negligent maintenance of the machine and breach of implied warranty. Appellant filed a cross-claim against Laundry Equipment Co., named as a co-defendant, on the theory that the latter sold the machine to the appellant and on occasion serviced it, and therefore was liable to appellee for damages due to breach of warranty. The appellant also filed third party claims for indemnity against the distributor and manufacturer of the washing machine. The jury returned verdicts adverse to appellant on Mrs. Morejon's complaint and on appellant's cross-claim and third party claims.
The testimony at trial revealed that a maintenance employee for appellant was aware that the machine in question was malfunctioning. Moreover, this employee had undertaken to repair the machine within thirty minutes of Mrs. Morejon's accident. The employee had started the machine as a test and left the premises in the middle of the cycle without posting a warning that the machine was out of order. In our view, the evidence was sufficient to sustain the jury verdict finding the appellant liable in this case for negligent maintenance of the washing machine.
We do not find merit to appellant's contention that the trial judge committed reversible error by submitting the issue of breach of warranty to the jury. At worst, this action was harmless error. Fla. Stat. § 59.041, F.S.A. It may be inferred from the jury's verdict against appellant and in favor of the Laundry Equipment Co. as well as the third party defendants that the jury was basing its verdict upon a finding of negligent maintenance. Appellee is entitled to all reasonable inferences from a verdict in her favor. Florida East Coast Railway Company v. Morgan, Fla.App. 1968, 213 So.2d 632; Zippy Mart, Inc. v. Mercer, Fla.App. 1970, 244 So.2d 522.
Assuming arguendo that the jury based its verdict upon breach of warranty theory, we do not think the verdict should be disturbed. Our Supreme Court has held that where a lessor furnishes a leased chattel, having reason to know of the particular purpose for which the chattel is required and that the lessee is relying on the skill or judgment of the lessor to provide a suitable chattel, the lessor impliedly warrants *32 that the chattel is fit for such purpose. See W.E. Johnson Equipment Co. v. United Airlines, Inc., Fla. 1970, 238 So.2d 98; Fla. Stat. § 672.315, F.S.A.
Next, we turn our attention to the more difficult question raised in this case concerning the excessiveness of the damages. At the time of trial, appellee was either eighty-eight or eighty-nine years of age. Evidence introduced at trial showed that Mrs. Morejon's life expectancy by actuarial tables at that time was either 5.36 or 5.69 years. There was also evidence that she suffered no loss of earning capacity, since she did not work, and her medical expenses due to the injury were approximately $2,000. Therefore, Mrs. Morejon's loss due to pain and suffering was determined by the jury to be in the vicinity of $383,000.
Evidence was presented that Mrs. Morejon prior to the accident was in good health and active. She lived with two of her four daughters and helped care for her thirteen-year-old grandchild who "worshiped her." Since the accident, Mrs. Morejon's activities have become limited and she is depressed. A doctor testified concerning the difficulty which a woman of appellee's age experiences in readjusting to a loss of limb.
We are cognizant of the fact that an award of damages which includes loss due to pain and suffering encompasses the measurement of the immeasurable. Smith v. Goodpasture, Fla.App. 1965, 179 So.2d 240. We are likewise aware of the credence which is placed in the jury's determination of damages [Wise v. Jacksonville Gas Corporation, Fla.App. 1957, 97 So.2d 704], and only when the damages awarded are so excessive that the judicial conscience is shocked, will an award be questioned.
The burden is placed upon an appellant seeking to establish that a verdict is excessive to show that the award was the result of passion or prejudice, or that there was some misconception of the law or the evidence in the case, or that the jury did not consider all of the elements of damages involved, or failed to consider the issues, or some other improper motive. Bartholf v. Baker, Fla. 1954, 71 So.2d 480; Tampa Transit Lines, Inc. v. Smith, Fla.App. 1963, 155 So.2d 557; Rite Rate Cab Company v. McGee, Fla.App. 1963, 159 So.2d 663; Seaboard Coast Line Railroad Co. v. McKelvey, Fla.App. 1972, 259 So.2d 777, aff'd Fla., 270 So.2d 705.
In the McKelvey case, just cited, this court considered an award of $500,000 to a plaintiff who also suffered a loss of an arm when he fell beneath a train. The plaintiff in that case was twenty-seven years old, and described as an industrious and likeable person. He had supported his widowed mother and a sister, worked his way through college, and had a life expectancy of forty-five and a half years. The award for pain and suffering was $399,000, which this court noted apparently was higher than any award for pain and suffering approved by an appellate court in the past twelve years in a similar type case.
We further recognized in McKelvey that no ascertainable standard has been created for gauging what is necessary to shock the judicial conscience of an appellate court in considering the excessiveness of a verdict. We arrived at the conclusion that excessiveness "will have to be determined in each individual case by the particular court upon the examination of a cold record without being subjected to prejudice and bias that may be occasioned in the emotionally charged atmosphere of a trial courtroom." (259 So.2d at p. 781.)
The question of a formula for determining the outer limits of a jury's discretion in awarding damages for pain and suffering was certified to the Florida Supreme Court. That court affirmed our holding in McKelvey, stating as follows:
"Quite obviously some speculation enters into most personal injury actions, but the yardstick does not exist which can measure future humiliation, pain and suffering of the injured with sufficient *33 certainty to divest the jury of exercising its sound discretion to determine the damage award based upon the evidence and merits of each case under consideration." (270 So.2d at p. 706.)
In the cause sub judice, we think the jury exceeded the limits of sound discretion and returned a verdict which is clearly excessive. As the appellant correctly points out the interest alone on this judgment, at a 7% rate, would amount to about $27,000 per year. This amount is three times the actual annual award in McKelvey, exclusive of interest. In our view, an award of over $380,000 to a plaintiff of Mrs. Morejon's age and life expectancy for pain and suffering alone, when her pecuniary loss is minimal, is excessive.
Therefore, it is our determination that unless the appellee-plaintiff herein enters a remittitur reducing the judgment as of the date of its entry to the sum of $150,000, within thirty days after our mandate is filed in the circuit court, the judgment appealed will be reversed for a new trial on damages only in case No. 73-856. If remittitur is entered, the judgment will be affirmed as modified.
It is so ordered.