318 So.2d 452 (1975)
Bonnie ARONSON and Allstate Insurance Company, Appellants,
v.
Pedro Antonio SIQUIER, Appellee.
No. 74-1338.
District Court of Appeal of Florida, Third District.
July 22, 1975.
Rehearing Denied September 10, 1975.
*453 Weissenborn, Burr & Hyman and Gary M. Carman, Miami, for appellants.
Podhurst, Orseck & Parks; Mark J. Feldman, Miami, for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL (Ret.), Associate Judge.
The appellee Pedro Antonio Siquier filed an action for damages for personal injuries received in an automobile accident, against the appellants Bonnie Aronson and her insurer Allstate Insurance Company, and against Robert K. Waters and Salvatore C. Santisi and their insurers.
There was a rear end collision, in which four vehicles were involved. While the automobile being driven by the plaintiff was in a stopped position on a street, it was struck from the rear by the car driven by Santisi (who was not served with process in the action). The car driven by the defendant Aronson then struck the Santisi car, and in turn was struck by the fourth car driven by the defendant Waters. The verdict rendered reveals the jury concluded the plaintiff's injuries were caused by the successive collisions or blows by the Santisi car and the Aronson car.
In answer to special interrogatories the jury by special verdicts found that the plaintiff had suffered permanent injuries; that the plaintiff was free of negligence; that the defendant Aronson was guilty of negligence which was "a legal cause of the accident"; and that the defendant Waters was not guilty of any negligence which was a legal cause of the accident. The verdict awarded damages to the plaintiff in the amount of $45,000.
Defendants Aronson and Allstate Insurance Company moved the court to grant a new trial or a remittitur in reduction of damages as an alternative to the granting of a new trial. Included in the motion were grounds that the verdict was excessive due to "the influence of passion or other improper motives"; was "excessive such as to shock the judicial conscience"; was contrary to the evidence relating to the injuries; and was punitive in nature.
The trial court entered an order denying the motion, and five days later, in clarification thereof, entered a second order denying the motion in which it was explained that the court regarded the verdict as being against the manifest weight of the evidence relating to damages and was excessive, for which the court would have ordered a remittitur of $30,000 of the amount awarded by the jury, but did not do so because the court felt it was precluded by law from ordering a remittitur, by the ruling of the Supreme Court in the case of Seaboard Coast Line Railroad Company v. McKelvey, Fla. 1973, 270 So.2d 705.[1] Final *454 judgment was entered on the verdict, and the defendant Aronson and her insurer appealed.
The appellants contend, and we agree, that the trial court misconceived a controlling principle of the applicable law, in concluding that the decision in McKelvey would preclude the court from granting a new trial on damages or from ordering a remittitur as an alternative to the granting of a new trial on damages, in the circumstances recited by the trial court in this case on its consideration of the defendants' motion therefor.[2]
In McKelvey the Court said:
"Consistently, our Courts have vested juries with the sound discretion to render verdicts in personal injury cases, upon the equally consistent admonition that there is ample evidence to support such verdicts and that the verdicts are not clearly arbitrary or so excessive as to indicate passion, prejudice, corruption, improper motive or to shock the judicial conscience." [Citations omitted].
That language in McKelvey is consistent with earlier and subsequent decisions of Florida appellate courts recognizing the jurisdiction and discretion of a trial court to grant a new trial, or order a remittitur as an alternative to the granting of a new trial, where damages awarded in a verdict are not supported by evidence or are excessive for a reason or to the extent referred to in the quoted order entered by the trial court. See De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. 339; Kovacs v. Venetian Sedan Service, Inc., Fla.App. 1959, 108 So.2d 611; Cohen v. Margoa, Inc., Fla.App. 1973, 281 So.2d 406; Friddle v. Seaboard Coast Line Railroad Company, Fla. 1974, 306 So.2d 97 (in which the Supreme Court directed a remittitur and its amount); and Montenegro v. Rainwater, Fla.App. 1975, 314 So.2d 191 (opinion filed June 17, 1975). Moreover, when a trial judge concludes that a verdict is against the manifest weight of the evidence, or the amount thereof is excessive such as to shock the judicial conscience, it is the duty of the court to grant such relief therefrom on motion for a new trial. See Cloud v. Fallis, Fla. 1958, 107 So.2d 264, 269-270.
For the reasons stated the final judgment entered on the verdict is reversed, the order denying the motion for new trial is set aside and the cause is remanded to the trial court for reconsideration of the motion of said defendants for new trial or remittitur, in the light of the views expressed herein with relation to the jurisdiction and discretion of the trial court with regard thereto, and thereupon to enter such order or judgment herein as the trial court shall deem proper.
It is so ordered.
NOTES
[1] "THIS CAUSE having come on to be heard before the Court on the Motion of the defendants, BONNIE ARONSON and ALLSTATE INSURANCE CO., and the Court having heard argument of counsel, and being otherwise fully advised in the premises, makes the following findings of fact:

1. That the verdict was completely contrary to the manifest weight of the evidence from a qualitative point of view of the damages sustained by the plaintiff and if the undersigned trial Judge had the discretion to do so he would have granted a Remittitur of no less than Thirty Thousand dollars ($30,000.00) or in the alternative grant a new trial.
2. That the trial Judge felt that no matter how strongly he felt that the verdict was excessive from a damage point of view, under the rule announced in Seaboard Coast Line Railroad Company v. McKelvey, Jr., 270 So.2d 705 (Fla. 1973) he has no discretion to set aside the jury verdict and therefore must deny the defendants' Motion. Accordingly it is therefore:
ORDERED and ADJUDGED that the Motion of the defendants, BONNIE ARONSON and ALLSTATE INSURANCE COMPANY, be and the same is hereby denied."
[2] The doctrine that a proper judgment should not be reversed because of an erroneous reason or ground therefor announced by the trial court is inapplicable when it appears the court misconceived a controlling principle of law applicable to the cause, and based thereon entered a judgment prejudicial to a party due to such error. Catlett v. Chestnut, 107 Fla. 498, 146 So. 241, 91 A.L.R. 212; Knight v. City of Miami, 127 Fla. 585, 173 So. 801; Green v. Putnam, Fla. 1957, 93 So.2d 378, 380.