359 So.2d 50 (1978)
Anne B. REYNOLDS, Appellant,
v.
James N. BURT, M.D., Appellee.
No. II-142.
District Court of Appeal of Florida, First District.
June 6, 1978.
*51 W.K. Lally, Jacksonville, for appellant.
Charles Cook Howell, III, Jacksonville, for appellee.
BOYER, Judge.
Appellant (plaintiff below) here appeals from a final judgment granting the defendant's (appellee's) motion for summary judgment.
Appellant filed a complaint alleging that appellee negligently performed a surgical procedure known as "fulguration" and that as a direct and proximate result burned a hole in her bladder. Prior to filing her complaint, appellant filed a claim under the Medical Malpractice Reform Act. The mediation panel found appellee not actionably negligent in his care or treatment of appellant.
After answering the complaint, appellee moved for a summary judgment. At the hearing on the motion appellant's attorney did not object to the trial court's consideration of portions of the file in the medical mediation action. In that action, the depositions of several doctors were taken. In their depositions the doctors testified that with a fulguration procedure, even with the best of care, bladder perforations will occur; that perforation of a bladder during a fulguration procedure can be expected 10% of the time; that appellee was not guilty of any negligence; and that the treatment which appellant received from appellee did not fall below the standards of care in the area.
Appellant did not introduce any evidence at the hearing in support of her claim, expert nor otherwise, and the trial court granted the appellee's motion for summary judgment.
In this appeal plaintiff's primary contention is that where the charge of negligence is based on improper treatment, the question of negligence is a jury question and may be submitted to the jury even in the absence of expert testimony in support of the charge of negligence. Atkins v. Humes, 110 So.2d 663 (Fla. 1959). However, in Atkins, the Supreme Court merely said that in many cases involving improper treatment a jury may reach a conclusion without the aid of expert testimony. The Court did not hold that there would never be cases involving a charge of improper treatment in which expert testimony would be required to prove the negligence alleged.
We well recognize that expert testimony may not be required in obvious cases such as when the charge of negligence concerns leaving a sponge or surgical instrument in a patient or where a surgeon amputates the wrong limb. However, in a case such as this, where the expert testimony of several doctors uniformly concur that appellee was not guilty of negligence and appellant failed or refused to introduce any evidence in support of her claim and in contradiction of appellee's expert witnesses, the entry of a summary judgment was proper. Sims v. Helms, 345 So.2d 721 (Fla. 1977); Thomas v. Berrios, 348 So.2d 905 (Fla. 2nd DCA 1977).
Another matter which deserves comment is the action of the trial judge in considering depositions taken in another proceeding which had not been made a part of the record in this case. It is improper for a trial judge to consider matters dehors the record except upon stipulation of the parties, or, of course, when judicial notice may appropriately be taken. One obvious reason for such a rule is that evidence and matters outside the record may not thereafter *52 be properly made a part of the record on appeal for review by an appellate court. However, the appellant did not object in the trial court. Since the point was not preserved on appeal, there is no basis for this court to address the issue.
The judgment appealed from is affirmed.
McCORD, C.J., and MELVIN, J., concur.