386 So.2d 39 (1980)
SOUTH MIAMI HOSPITAL, Appellant,
v.
Thelma SANCHEZ, Appellee.
No. 79-403.
District Court of Appeal of Florida, Third District.
July 22, 1980.
*40 Adams & Ward and Robert C. Ward, Miami, for appellant.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Hawkesworth & Schmick, Miami, for appellee.
Before HENDRY and SCHWARTZ, JJ. and CHAPPELL, BILL G., Associate Judge.
PER CURIAM.
Following a non-jury trial in which plaintiff Thelma Sanchez sought damages from defendant South Miami Hospital for injuries sustained in a fall on April 6, 1975, while she was a patient in said hospital, final judgment was rendered in favor of Sanchez on January 18, 1979, awarding her damages in the amount of $135,000.
In its final judgment, the trial court found that Sanchez had sustained a previous cerebral stroke which left her with a residual disability for which she was under the care and treatment of Dr. Harold Silberman; that while undergoing physical therapy, Sanchez fell and fractured her hip; that for a brief moment while administering physical therapy, the physiotherapist left Sanchez unattended in a standing position while getting her robe, though Dr. Silberman had left orders that she be attended at all times; that during this brief moment Sanchez fell and fractured her hip; and though Sanchez was making some progress after the stroke via physical therapy, she had not sufficiently recovered so as to resume her duties as a bank teller. The trial court further found that the hospital was negligent in the care and treatment of Sanchez and that her injuries were superimposed on an existing impairment as a result of the stroke. South Miami Hospital has appealed and argues that Sanchez failed to prove the standard of care used by hospitals in the community under such circumstances and failed to prove that South Miami Hospital had fallen below that standard of care.
Upon reviewing the facts of the case, we find that it involved a charge of negligence based upon careless administration of approved medical treatment, and the trier of the fact would not need the aid of expert testimony to reach a conclusion. *41 Sims v. Helms, 345 So.2d 721 (Fla. 1977), Reynolds v. Burt, 359 So.2d 50 (Fla. 1st DCA 1978). A hospital is bound to exercise toward a patient such reasonable care as his known condition may require. Sprick v. North Shore Hospital, Inc., 121 So.2d 682 (Fla. 3d DCA 1960). What possible interpretation could be given to the doctor's orders that Sanchez be up from bed "with help only" and that the therapist give her "standby assistance" other than "protect her from falling"? The facts speak for themselves. The hospital's therapist was following these orders, and no matter how good were her intentions, she took a chance which left Sanchez unattended for a brief moment. Unfortunately, this moment was long enough to produce the undesired results which the doctor's orders were intended to safeguard against and prevent. Hialeah Hospital, Inc. v. Johnson, 268 So.2d 424 (Fla. 3d DCA 1972), cert. denied, 276 So.2d 53 (Fla. 1973).
The hospital also raises the issue that the award of damages was excessive and inappropriate. The determination of the amount of damages is a matter within the province of the trier of the facts, Miami Shores Village v. Brown, 286 So.2d 589 (Fla. 3d DCA 1973); Talcott v. Holl, 224 So.2d 420 (Fla. 3d DCA 1969), and the decision on the amount of damages should not be disturbed on appeal in the absence of an indication of passion, prejudice, corruption, improper motive or that the amount is so excessive as to shock judicial conscience. Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla. 1977); Seaboard Coast Line Railroad Co. v. McKelvey, 270 So.2d 705 (Fla. 1972). We find no such indications in this case.
The judgment of the trial court is affirmed.