397 So.2d 333 (1981)
Nora June STEPIEN et al., Appellants,
v.
BAY MEMORIAL MEDICAL CENTER et al., Appellees.
No. XX-294.
District Court of Appeal of Florida, First District.
April 2, 1981.
Rehearing Denied May 11, 1981.
*334 Glen R. Peterson, Panama City, for appellants.
William E. Harris, Panama City, for appellees.
WENTWORTH, Judge.
Appellant seeks review of a judgment entered upon directed verdict in favor of appellee Medical Center. We find that the evidence presented a factual issue for the jury's determination, so as to preclude a directed verdict, and reverse the order appealed.
Appellant brought this negligence action for injuries, including a fractured hip, sustained during a fall while a patient at the Medical Center. At the time of this incident appellant had a full cast on her left leg due to a previous fall at the Center. Considering the evidence in the light most favorable to appellant, as we are required to do upon this directed verdict, Rodi v. Florida Greyhound Lines, 62 So.2d 355 (Fla. 1953), it was established that appellant was receiving medications which included various sedatives, that she had a temperature in excess of 100°, that she was disoriented, and that she had previously displayed suicidal "ideations" which were known to the hospital staff. It was hospital policy that such patients be watched closely and provided a medical bed with side rails, but on the night of her injury appellant was moved from such a bed into a darkened room, without any night lighting or an operative nursing attendant call system, and with a bed which did not have side rails. All room lighting and hallway lighting had been turned off when appellant awoke in the early morning darkness and fell while attempting to use the bathroom, and appellant testified that she would have attempted to call a nurse for assistance had there been an operative call system in her room.
Where a plaintiff in a medical negligence action does not establish what standard of care existed under the circumstances of the case, and therefore is unable to show a breach of such care, a directed verdict is appropriate. Memorial Hospital South Broward Hospital District v. Doring, 106 So.2d 565 (Fla. 2d DCA 1958). But where only the exercise of common sense and ordinary judgment are required, a medical negligence action may be proved without the aid of expert medical testimony. Atkins v. Humes, 110 So.2d 663 (Fla. 1959); Reynolds v. Burt, 359 So.2d 50 (Fla. 1st DCA 1978). A hospital is bound to exercise such reasonable care as a patient's known condition may require, South Miami Hospital v. Sanchez, 386 So.2d 39 (Fla. 3d DCA 1980); Sprick v. Northshore Hospital Inc., 121 So.2d 682 (Fla. 2d DCA 1960), and although appellant's physician's instructions may have been fully complied with, the present case nevertheless involved a factual issue, which the jury could have determined without the aid of expert testimony, as to whether appellee Medical Center failed to exercise such reasonable care as the Center's knowledge of appellant's physical condition may have warranted.
The order appealed is reversed and the cause remanded to the trial court for further proceedings.
SHIVERS, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.