LARRY G. SMITH, Judge.
The jury returned a verdict finding no negligence on the part of the appellee hospital or its nurse-employee which was the cause of injury to appellant, Mrs. Sasser. The trial judge denied appellants’ motion for new trial, and we are asked to review and to reverse that ruling. Appellate counsel have forthrightly limited this appeal, so far as their negligence claims are concerned, to the question of whether the trial court’s failure to set aside the jury’s verdict was an abuse of discretion. Based upon our examination of the briefs, argument of counsel, and the record in this cause, we are of the opinion that the issues presented relate simply to the weight, credibility, and the persuasive effect of the evidence. Accordingly, we conclude that the trial judge did not abuse his discretion in denying the motion for new trial. We affirm.
The appellant, Mrs. Sasser, who was admitted to the hospital for treatment of an angina condition, was pursuant to physician’s orders administered a variety of medications, including injections of the drug *857 Vistaril, for angina pain. Several of these injections were administered, without incident. However, after midnight on November 8, 1976, when she received an injection of the drug she experienced, according to her testimony, an immediate sensation of burning pain which continued for some time. Nurse’s notes kept by the nurse who performed the injection indicated “patient complains of pain,” but the nurse explained that these notations referred to “generalized pain” only. A few hours after the injection, however, she was examined by a head nurse, who looked at her thigh and noted “right thigh dark area with blisters.” No pain or discomfort was experienced from the earlier injections of Vistaril, nor those administered after the one painful incident. Several days following the injection Dr. Arrowsmith, a dermatologist, was called in to treat a lesion which had developed on Mrs. Sasser’s right thigh. He was unable to arrive at a diagnosis of the cause of the lesion because, in his words, “in the evolution of any skin lesion changes occur that destroy any anatomical pathology that may be there to help guide you as to a reasonable diagnosis.” In addition, Dr. Ar-rowsmith indicated that he had considered the possibility that the lesion was self-induced, because of its unusual nature. He stated further that the appearance of the lesion indicated it was caused by something being applied to the surface of the skin, rather than a chemical which was injected beneath the skin. It was established that the area of bad tissue produced by the lesion did not extend into the muscle, but was confined entirely to the subcutaneous area. It is appellants’ contention that the lesion was caused by the improper injection of Vistaril into Mrs. Sasser’s thigh. Other evidence supporting both appellants’ and appellee’s positions appear in the voluminous record which we could not summarize without unduly lengthening this opinion.
The evidence presented by appellants, to which we make only brief reference, would be ample to support a conclusion that the lesion suffered by Mrs. Sasser resulted from an improper injection of the drug Vistaril into the subcutaneous (between skin and muscle) area of her thigh, rather than deep within a muscle, as required by instructions given by the manufacturer of the drug. The evidence, including that produced by appellee, is also susceptible to a finding that an improper injection would be one, but not the only, possible cause of the lesion suffered by Mrs. Sasser. Appellee urges that the presence of Vistaril in the subcutaneous tissue was not established by any direct or objective evidence, and the circumstances relied upon by appellants to establish the presence of Vistaril as the cause of the lesion were not such as to exclude all other reasonable inferences as to causation. See Voelker v. Combined Ins. Co. of America, 73 So.2d 403 (Fla. 1954); Nielsen v. City of Sarasota, 117 So.2d 731 (Fla. 1960). As the reviewing court, in determining whether the evidence is such that reasonable persons could have reached the same verdict as the jury, we are required to examine the evidence in the light most favorable to the appellee. Atlas Properties v. Didich, 213 So.2d 278 (Fla. 3rd DCA 1978), cert. discharged 226 So.2d 684 (Fla. 1969).
The facts upon which appellants base their claim of negligence are not self-proving, as in a “sponge-in-the-abdomen” case. See Atkins v. Humes, 110 So.2d 663 (Fla. 1959); Reynolds v. Burt, 359 So.2d 50 (Fla. 1st DCA 1978). Appellants were required to produce expert testimony in order to establish negligence. Compare Furnari v. Lurie, 242 So.2d 742 (Fla. 4th DCA 1971); Sims v. Helms, 345 So.2d 721 (Fla. 1977); Thomas v. Berrios, 348 So.2d 905 (Fla. 2nd DCA 1977); South Miami Hospital v. Sanchez, 386 So.2d 39 (Fla. 3rd DCA 1980). Although there was general agreement among the experts concerning the proper method of injecting Vistaril and the dangers of improperly injecting the drug, the evidence does not rule out the possibility of the same injurious consequences being produced by the application of a foreign substance to the skin, by self-inducement such as by scratching or manipulation of the injection site, or by “retrograde leakage” (leaking of the drug into the tract made by the hypodermic needle). With the excep *858 tion of Dr. Walmsley (a pathologist employed by the manufacturer of Vistaril) none of the expert medical witnesses who testified could say with certainty what caused the lesion. Dr. Walmsley, in response to a hypothetical question, stated her opinion that within a reasonable degree of medical certainty the lesion “resulted from a subcutaneous injection of Vistaril.” Dr. Walmsley, however, had never examined Mrs. Sasser, nor had she seen the tissue slides produced by the pathologist, and her opinion as to causation was qualified by the assumption that there was “no other extraneous condition” to be taken into account in determining causation. The pathologist who examined the tissue slides could not state that Vistaril caused the lesion and accompanying tissue death, nor that the lesion was necessarily caused by an injection of any kind. Another expert, nurse Cobb, testified that such lesions as suffered by Mrs.'Sasser could be caused by scratching the skin. Her testimony was uncontra-dicted on this point. It is true, as appellants urge, that there was no “objective evidence”- of a scratching of the skin. Neither was there “objective evidence” of the presence of Vistaril in the area of damaged tissue.
Where the evidence is in conflict, and the verdict is not against the manifest weight of the evidence, the jury’s verdict should not be set aside. Nunberg v. Brod-sky, 224 So.2d 727 (Fla. 3rd DCA 1969); Cloud v. Fallís, 110 So.2d 669 (Fla. 1959). Although appellants present persuasive arguments that the preponderance of the evidence in the case favors recovery for the plaintiff, we are bound by the rule which holds that this presents a jury issue, and does not justify a holding that the trial judge abused his discretion in denying the motion for new trial. See Willard v. Bowen, 294 So.2d 696, 697 (Fla. 1st DCA 1974).
If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.
Overton, J. concurring in Castlewood International Corporation v. LaFleur, 322 So.2d 520 (Fla. 1975); see also Baptist Memorial Hospital Inc. v. Bell, 384 So.2d 145 (Fla.1980).
In their second point, appellants contend that the trial court should have instructed the jury that the hospital’s failure to furnish a more detailed statement of its bill for services rendered, under Section 395.20, Florida Statutes (1977), constituted a defense to the hospital’s counterclaim for payment of its bill. We find no basis in the record of this case for the jury instruction requested by appellants. The statute itself contains no language indicating that failure to furnish the statement would bar an action for recovery of the hospital’s charges. Furthermore, it appears from the unrefuted testimony of the hospital’s witness that a more detailed itemized breakdown of the charges would have been provided if appellants had requested it. We hold that the trial court correctly refused to allow the jury to consider noncompliance with the statute. Even if the bill rendered in fact did not comply, an issue we find it unnecessary to consider, where no complaint and no request for further itemization was made by the patient prior to trial, and no prejudice has been otherwise shown, the statute does not bar recovery of a judgment by the hospital.
The judgment appealed from is AFFIRMED.
ROBERT P. SMITH, Jr., C. J., and JOA-NOS, J., concur.