BARKDULL, Senior Judge.
Appellant Pivar appeals an order granting final summary judgment in favor of appellee Baptist Hospital.
Following hip surgery at Baptist Hospital on July 6, 1994, Pivar was transferred to a *274 private room. On July 13, 1994, Pivar showered in her room with the assistance of a nurse. When showering a patient, a nurse transfers the patient to a special wheelcháir designed for showering, places a bath blanket on the floor of the bathroom to keep it dry, showers the patient, wheels the patient out of the bathroom, and then cleans up any water outside the shower area. In the early morning of July 14,1994, Pivar fractured her femur when she slipped and fell in the bathroom.
Pivar was born on June 8, 1922. She had an urgency to go to the bathroom sometimes six or seven times per night. The urgency occurred less frequently if she took a sleeping pill, as she did the night of the fall. Pivar could not remember how often, if at all, she got up during the evening prior to the fall. Pivar awoke with an urgency to use the bathroom, rang her call bell, and when no one responded she used a walker to get to the bathroom. She placed the walker on the side of the toilet while she urinated. As she attempted to go back to the walker she slipped on something wet on the floor. When asked whether the floor was wet at the time of the fall, Pivar responded “[T]he floor was wet when I fell. I slipped on something.” Pivar could not identify the nature of the substance.
Pivar brought suit and the trial court granted final summary judgment in favor of Baptist Hospital.
In granting a summary judgment for a hospital, this court has said:
“A hospital is bound to exercise toward a patient such reasonable care as [the patient’s] known condition may require, the degree of care being in proportion to his known physical and mental ailments.”
Sprick v. North Shore Hospital, Inc., 121 So.2d 682, 684 (Fla. 3d DCA 1960). See also South Miami Hospital v. Sanchez, 386 So.2d 39 (Fla. 3d DCA 1980) (as to duty of hospital). In reversing a directed verdict for a hospital the 1st District Court of Appeal held that the question of whether a medical center failed to exercise such reasonable care as the ceriter’s knowledge of a patient’s physical condition may have warranted involved a factual issue for the jury. Stepien v. Bay Memorial Medical Center, 397 So.2d 333, 334 (Fla. 1st DCA 1981).
Baptist Hospital offered no testimony regarding the condition of the bathroom floor at the time the incident occurred. The hospital did offer testimony that in the interim between the shower and the fall their records indicate that a nurse checked on Pivar on two separate occasions. The records were silent as to any inspection of the bathroom floor.
We reverse. It was a jury question as to the hospital properly discharging its duty to a patient.
Reversed and remanded for a trial on the issues.
COPE,, J., concurs.
GODERICH, J., dissents.