165 So.2d 750 (1964)
I.W. SHEPHERD and Clara M. Shepherd, G.M. Brown, d/b/a Brown Tractor Company, and W.B. Dunn Company, Inc., a Florida corporation, Petitioners,
v.
FINER FOODS, INC., a Florida corporation, Respondent.
Nos. 33032, 032-A, 032-B.
Supreme Court of Florida.
June 24, 1964.
Rehearing Denied July 27, 1964.
*751 Starry & Thompson, Tallahassee, for petitioners.
Parker, Foster & Madigan, and Hall, Hartwell & Hall, Tallahassee, for respondents.
HOBSON, Justice (Ret.).
The petitioners herein were plaintiffs respectively in three separate negligence actions against respondent corporation which was the defendant in each case. The suits were consolidated for trial in the Circuit Court in and for Jefferson County, Florida. The jury rendered a verdict in each of the actions against Finer Foods, Inc., the defendant at the trial level, and the court entered judgments predicated upon the several verdicts. After motions for a new trial were denied, Finer Foods, Inc. appealed to the District Court of Appeal, First District. Said Court rendered an opinion in which it reversed the judgments and remanded the causes for a new trial.
The petition for writ of certiorari which is now before us is directed to the above-mentioned decision of the District Court. The petition is founded upon the theory of conflict with the decisions of the Supreme Court of Florida in the cases of King v. Weis-Patterson Lumber Company, 124 Fla. 272, 168 So. 858, and Weis-Fricker Mahogany Co. Inc. v. King, 139 Fla. 539, 190 So. 880. It is further contended that the District Court in its decision misunderstood, misconstrued and misapplied the decisions of this Court in Voelker v. Combined Ins. Co. of American (Fla. 1954), 73 So.2d 403, and Commercial Credit Corp. v. Varn (Fla. App. 1959), 108 So.2d 638.
We quote from the District Court's opinion the following statement of facts which that Court said appeared to be the pertinent facts "established by substantially uncontradicted testimony of the trial:"
"The grocery store operated by the defendant had for several years been heated by a gas heater suspended from *752 the ceiling in a storage room at the rear of the store. The employees of the defendant had customarily stacked paper and the crocus sacks on top of the heater or on its sides. The serviceman for the liquid petroleum gas company had several times warned the defendant's employees, including the store manager, that those sacks in such proximity to the heater constituted a fire hazard in violation of recognized standards, but these sacks continued to be stacked on the heater. In fact, a few hours before the fire in question broke out this serviceman repaired the heater and placed on the floor the sacks he found on the heater. After he left, but before the fire, the defendant's store manager replaced those sacks on the top of the heater.
"Two of the defendant's employees testified that less than a month before the said fire, the sacks on top of the heater had caught fire.
"There is no direct evidence in the record that the fire which destroyed the building had started in the gas heater or because of the sacks on top of it catching fire. The evidence indicated, however, that the fire started in the storage room where the heater was located. Two witnesses saw flames in that room during the early stages of the fire, and one of them testified that the fire broke through the roof `in the near vicinity' of the location of the gas heater."
The District Court, after having enucleated the facts, stated:
"We have no difficulty in concluding that the evidence is sufficient to support the jury's finding that the defendant was negligent because of its employees' stacking the sacks on the gas heater despite warnings of the fire hazard. But the question is fraught with difficulty as to whether the evidence supports the finding that such negligence was the proximate cause of the fire that destroyed the building. Such a finding is, of course, essential to a defendant's liability in negligence actions."
We agree with the determination that the evidence is sufficient to support the jury's finding that the defendant was negligent. We also concur in the conclusion that it was necessary for the jury to find that such negligence was the proximate cause of the fire that destroyed the building. However, we have not found it as difficult as the District Court stated it found it to be to determine whether the evidence supports the finding that the negligence of the defendant was the proximate cause of the fire. Our only difficulty stems from our inability to understand the necessity for the jury to compound inferences in these cases in order for it to decide whether the negligence of the defendant was the proximate cause of the fire that destroyed the building.
There was but one fire which caused the damage which in turn brought about these lawsuits. There is direct and positive testimony that a serviceman repaired the heater a few hours before the fire in question broke out. The heater was lighted, consequently we are at a loss to understand the statement in the opinion of the District Court:
"In arriving at their verdict against the defendant, the jury had to infer that the fire originated in the heater and, having made that finding, the jury had to infer further that it was the sacks negligently stored on the heater that caused the heater to originate the fire." (Italics supplied.)
Surely the District Court did not mean that it was necessary to infer that the fire originated in the heater, but rather that the flame in the heater or the heat generated by it, because of the burlap bags and paper or cardboard being stacked on top of the heater or on its sides, ignited these inflammable materials, which fire thus created, destroyed the building. It is a fact which requires no inference that the liquid *753 gas heater had been repaired and when last observed was lighted. To this extent it had fire in its burner or at least in the pilot.
We agree with the District Court's statement that "in order to arrive at their conclusion the defendant was liable for the damages caused by the fire, the jury would have to infer that the fire started as a proximate result of the defendant's negligence in stacking the sacks on the heater." We believe, however, that this is the only inference which the jury was required to glean from the circumstantial evidence. The fact that there was a flame or fire, if you please, within the liquid gas heater was established by direct testimony and in fact is not disputed.
The jury had before it the direct testimony of at least one witness that less than a month before the fire which gave rise to this litigation the sacks on top of the heater had caught fire, having been ignited by the flame from the liquid gas heater or the heat generated by it. The burning sacks were removed and the fire extinguished. This fact was not only known to the defendant through its employees but the defendant also knew, or should have known, because its agents or employees had been told, that the placing of crocus sacks and strips of pasteboard on top of the heater or on its sides constituted a fire hazard in violation of recognized standards. The serviceman who repaired the heater a few hours before the subject fire broke out removed the sacks he found on the heater and placed them on the floor. Regardless of all of these red flags flying in his face, the defendant's store manager replaced these sacks on top of the heater.
It occurs to us it was only necessary for the jury to infer that the fire which destroyed the building and which gave rise to this litigation originated in the same manner as did the fire which occurred during working hours less than a month earlier and which luckily was discovered and quenched before any substantial damage resulted.
We are of the opinion that since this is a civil case, the District Court in considering this case should have followed the rule laid down in the opinion of the Supreme Court in King v. Weis-Patterson Lumber Co., supra, wherein we said:
"(3, 4) Where circumstantial evidence is relied on in a civil case to prove an essential fact or circumstance essential to recovery, the rule is that the particular inference of the existence of the fact relied on as arising from the circumstances established by the evidence adduced, shall outweigh all contrary inferences to such extent as to amount to a preponderance of all of the reasonable inferences that might be drawn from the same circumstances. This is a less rigid rule than applies in a criminal case, where the inference drawn must not only be consistent with the fact sought to be proved, but wholly inconsistent with any other reasonable inference to the contrary. * * *"
We find a direct conflict for the reasons stated between the decision of the District Court in the instant cases and the decision of this Court in King v. Weis-Patterson Lumber Co., supra. It can hardly be gainsaid that the inference which the jury obviously drew from the circumstantial evidence to the effect that the subject fire originated in the same manner as the fire which occurred less than a month earlier and which fortuitously caused no damage preponderated over and above all of the reasonable inferences that might have been drawn from such evidence. In fact we can envisage no other reasonable inference which could be deduced from the circumstantial evidence in these cases.
Because we do not consider ourselves to be infallible and perhaps do not possess sufficient perspicacity to appreciate the need for the jury to have drawn more than one inference from the circumstantial evidence we will discuss the theory of dual inferences adopted by the District Court.
*754 The District Court found the first requisite inference to be that the fire originated in the heater. We are not favored by the Court with any suggestions as to any other reasonable inferences. We therefore assume that the so-called reasonable inferences suggested by counsel for respondent were accepted by the District Court as being reasonable and proper inferences. These suggestions are first, the fire was started by an electrical short circuit, by a careless delivery man or customer tossing away a lighted cigarette, or by a defect in the heater for which defendant (respondent) would not be responsible. We find nothing within the framework of the circumstantial evidence which even suggests the possibility of indulging any one of these propounded conjectures. Counsel for respondent have failed to direct our attention to any pages of the transcript of the circumstantial evidence which furnish even a slight hint of support for these speculations.
So often astute lawyers fail to appreciate the fact that when this Court has spoken of inferences which may be drawn from circumstantial evidence it meant assuredly that such inferences had to be susceptible of being deduced from within the periphery of the sphere of the circumstantial evidence and that when one goes beyond such point he has entered the field of conjecture and speculation.
It is here that we feel the decision of the District Court in the instant cases is in direct conflict with this Court's decision in Voelker and Weis-Fricker Mahogany Co. Inc. v. King, supra.
In Voelker we said:
"The fact that circumstantial evidence is relied upon in a civil action at law does not alter either the rule that it is solely within the province of the jury to evaluate or weigh the evidence or that the burden of establishing a right of recovery by a preponderance of the evidence is upon the plaintiff. Consequently, in such a case if the circumstances established by the evidence be susceptible of a reasonable inference or inferences which would authorize recovery and are also capable of an equally reasonable inference, or inferences, contra, a jury question is presented." (Italics supplied.)
Again in Weis-Fricker Mahogany Co. Inc. v. King, we stated:
"(2) The evidence is not conclusive in that there were no eyewitnesses to the starting of the fire,[1] but it was not necessary that there be such. The test of the sufficiency of the evidence in such cases seems to be that if the circumstances proven are inconsistent with any theory than that defendant or its negligence was responsible for the fire and there is an absence of evidence tending to point to any other agency causing it, then the jury may be warranted in finding for the plaintiff." (Italics supplied.)
In the present cases the circumstances established by the evidence do not suggest that credence should be given to the conjectures which counsel for respondent herein offer as reasonable inferences contra to the reasonable inference deduced by the jury from the circumstantial evidence. As a matter of fact there is a complete "absence of evidence tending to point to any other agency causing" the fire which gave rise to these lawsuits. For the sake of emphasis, we repeat that the liquid gas heater was repaired, lighted, and the burlap sacks and pasteboard strips removed by the serviceman as constituting a fire hazard had been replaced on or about the heater by the manager of the store before closing. Yet the District Court manifestly approved the speculations of counsel for respondent, or some one or more of them, disapproved the verdicts of the jury and reversed the judgments predicated thereon.
*755 We do not find in the circumstantial evidence in these cases any reasonable inference other than the one which was obviously indulged by the jury which is that the fire which destroyed the building and gave rise to these lawsuits originated in the same manner as did the innocuous fire which occurred less than a month prior to this damaging and devastating fire. This is to say that the flame known to be in the liquid gas heater or the heat created by such flame ignited the sacks and cardboard, placed on or about the heater by the respondent's agent after numerous warnings and the experience of the prior fire, resulting in the fire which caused the damages sought to be recovered.
It is our conclusion that the reasonable inference which the jury patently gleaned from the circumstantial evidence was the only inference, as distinguished from conjecture, which could possibly have been indulged by the jury and therefore it was "elevated to the dignity of an established fact."[2] Voelker v. Combined Ins. Co. of America and Commercial Credit Corp. v. Varn, supra.
The second inference which the District Court found necessary for the jury to draw, to-wit: It was the sacks negligently stored on the heater that caused the heater to originate the fire, could properly have been predicated upon the initial inference which was metamorphosed into an established fact.
It was only necessary, even if two inferences were required, to determine the question of proximate cause that this second inference meet the requirements of the test under the civil rule. It cannot be said that the jury erred in deciding that this second inference outweighed all possible contrary reasonable inferences to such extent as to amount to a preponderance of all of the reasonable inferences that might be drawn from the circumstances established by the evidence.
The decision of the District Court should be and it is hereby quashed with directions that said Court direct the Circuit Court in and for Jefferson County, Florida, to reinstate the judgments previously entered by said Circuit Court.
It is so ordered.
DREW, C.J., and THOMAS, O'CONNELL and ERVIN, JJ., concur.
NOTES
[1] Evidence circumstantial as in the instant cases.
[2] The inference that there was a flame or fire in the heater appears from the pertinent facts set forth in the opinion of the District Court to be "inescapable."