PER CURIAM.
Plaintiff in a personal injuries action arising from an automobile accident appeals from a final judgment of $3,000 entered pursuant to a jury verdict. The point urged by appellant for reversal is the trial court’s refusal to grant plaintiff’s motion for mistrial which motion was made during the course of defense counsel’s summation before the jury.
The particular conduct of defense counsel on which appellant grounded her motion for mistrial was the use by said defense counsel of a doctor’s report to refresh his memory during the course of his summation of the case before the jury. Appellant contends that the doctor’s report, which had not been admitted into evidence, was alluded to by defense counsel as if it were actually in evidence; and, further, that the said report contained notes written in large, red letters calculated to influence the jury when observed by its members. In refusing to grant plaintiff’s motion for mistrial, the trial judge manifested his belief that the doctor’s report was not alluded to in the fashion complained of and, further, that the notes written on the report were not such, nor were they used in a manner so as to have the effect on the jury about which plaintiff complained. Our review of the record leads us to conclude that the trial judge was correct in this regard.
It is well settled that counsel is accorded a wide latitude in making his argument to a jury. Whether the bounds of propriety in such regard have been exceeded, however, must be measured against the prejudicial effect, if any, that is likely to be had upon the jury. Schnedl v. Rich, 137 So.2d 1 (Fla.App.2d 1962). Jury arguments will not be considered grounds for mistrial unless they are highly prejudicial and inflammatory. H. I. Holding Company v. Dade County, 129 So.2d 693 (Fla.App.3d 1961).
No showing having been made that the conduct complained of in the case at bar is prejudicial or inflammatory, the judgment appealed is therefore
Affirmed.
BARKDULL, J., dissents.