MORROW, RUSSELL O. (Ret.), Associate Judge.
This is an appeal by defendants-appellants from a final judgment, entered pursuant to a jury verdict, in favor of plaintiff-appellee in an assault and battery and negligence suit.
The facts are as follows: The Four O’Clock Club is a bar located in Hollywood, Florida and is owned by Four O’Clock Lounge, Inc. and Four O’Clock, Inc. At the time of the incident in controversy, the club was managed by the defendant, Camperlengo and Camperlengo was also President of Four O’Clock Lounge, Inc.
Sometime around 3:00 to 3:30 a. m. on the morning of October 3, 1966, the plaintiff entered the defendant’s premises for the purpose of purchasing a drink. The plaintiff had just come from another bar called Lennie’s, which had just closed. There are two different serving areas in the bar, one being referred to as the front bar and the other as the back bar. A front entrance to the building opens on the front bar; in the back bar area there is a doorway which opens in a hallway leading to an exit on the side of the building. The plaintiff went into the back bar.
An altercation arose between the plaintiff and the barmaid. The barmaid asked the plaintiff to leave and the plaintiff allegedly refused and in response thereto, the barmaid called the manager, Camper-lengo and he and another employee of the club, Mickey Rauso, began to physically evict the plaintiff from the premises, using the side exit. The plaintiff was aware that two men were following him in the hallway leading to the exit, saw some kind of a motion behind him, and then was struck on the head. He did not actually see someone strike him. He was later discovered out *83 side the bar premises with blood coming from his ear.
The defendants deny that plaintiff had been hit while in the bar, saying that they had only escorted him outside.
A cab driver sitting in his cab testified he saw two men with motorcycle helmets on, come up to the plaintiff, outside of the bar and one of them hit him and then the two rode off on their motorcycles.
As a result of the blow to the head, which had been made on the back part of the head, the plaintiff sustained severe head injuries requiring extensive medical treatment and hospitalization. The plaintiff was left with a 30 to 35 percent permanent partial disability as to his body.
The appellants contend they should have been granted a directed verdict in that the evidence was insufficient and the verdict was based on speculation. They also assign as error the failure of the trial court to grant a new trial urging that the verdict was contrary to the manifest weight of the evidence and that neither assault and battery nor negligence was shown. A third contention is failure to obtain a new trial because the court excluded the deposition of one Fasano.
The record discloses that the evidence, circumstantial and direct, was quite sufficient to support the verdict. Where there is conflicting testimony it is the province of the jury to believe that which is true and to disregard that which is unworthy of credit. The court will not disturb the verdict of a jury unless it is unfounded in the evidence or wrought by passion, prejudice or other wrongful motive.
The claim that there-was no negligence and that the complaint ineffectively alleges negligence, is without merit. The allegation of negligence might have been more artfully drawn; however, the issue of negligence was tried and included in the court’s charge and no attack thereon was made at trial and none can be raised here. The trial judge correctly excluded the deposition in question.
Finding no error in this record the final judgment of the lower court is affirmed.
Affirmed.
WALDEN and REED, JJ., concur.