CARROLL, Judge.
Manuel Chimeno filed an action against Fontainebleau Hotel Corporation (herein referred to as the hotel) and Otis Elevator Company, seeking damages for personal injuries alleged to have been proximately caused by negligence of the defendants. *352 The latter denied negligence and pleaded contributory negligence. Trial of the cause before a jury resulted in a verdict in favor of the defendant Otis Elevator Company, and in a verdict for the plaintiff against the defendant hotel for $20,000 damages. After verdict the defendant hotel timely filed a motion to set the verdict aside and for entry of judgment for said defendant in accordance with its motion for directed verdict. See Rule 1.480(b) FRCP, 30 F.S.A. The trial court granted that motion and entered judgment for the defendant hotel. The plaintiff appealed.
The determinative question is whether there was competent substantial evidence upon which a jury could have found for the plaintiff against the defendant hotel. On that question we hold in the affirmative, and that the verdict rendered by the jury should stand.
On consideration by the trial court of the motion of the defendant hotel after verdict for entry of judgment for the defendant based on its motion for directed verdict, the evidence was to be viewed by the trial court under the same rule which would be applicable in considering a motion for directed verdict made at trial after presentation of all of the evidence and prior to submission of the case to the jury, that is, “the court should not direct a verdict for the defendant, unless it is clear that there is no evidence whatever adduced that could in law support a verdict for plaintiff.” See Whitman v. Red Top Sedan Service, Inc., Fla.App.1969, 218 So.2d 213, 215.
This appellate court, on reviewing the judgment rendered in favor of the defendant hotel based on a directed verdict, is required to observe the rule as stated by the Supreme Court in Rodi v. Florida Greyhound Lines, Fla.1953, 62 So.2d 355, 356, that we should consider the testimony adduced in the light most favorable to the plaintiff, disregarding conflicts in the evidence and indulging in plaintiff’s favor every reasonable intendment deducible from the evidence. See also Hardware Mutual Casualty Co. v. Tampa Electric Co., Fla.1952, 60 So.2d 179, 40 A.L.R.2d 1293; Brightwell v. Beem, Fla.1956, 90 So.2d 320, 322; Guhman v. Florida Power & Light Company, Fla.App.1962, 139 So.2d 749, 750; Guerriero v. Adams, Fla.App.1966, 190 So.2d 432.
Upon examination thereof we conclude that the record discloses evidence upon which the jury reasonably could have determined the defendant hotel was guilty of negligence proximately resulting in the plaintiff’s injuries and upon which the jury could have found that the plaintiff was not guilty of contributory negligence. Ruling out conflicts in the evidence and viewing the testimony in the light most favorable to the plaintiff, facts shown or reasonably to be inferred from the testimony included the following.
Oh the day upon which the plaintiff was injured, plaintiff with his employer Mr. Kaufman delivered several barrels of pickles to the hotel. Upon arriving at the hotel’s loading platform plaintiff placed the barrels on a dolly and proceeding behind Kaufman moved them into an open freight elevator. Kaufman had made deliveries previously and was familiar with the operation of the elevators. The plaintiff had not been there before and was unfamiliar with the mechanism or operation of the elevators. Kaufman operated the elevator downward, to the hotel basement. They proceeded with the produce a certain distance along a corridor and entered another elevator which took them from the basement up to the floor of the receiving department. They exited from the elevator, delivered the pickles and obtained a receipt therefor. They returned to the last mentioned elevator, which was then standing open. It was plaintiff’s testimony that up to that point the elevators had been operated 'by Kaufman, and that he, the plaintiff, having been concerned with shifting or handling the barrels of produce, had not observed or paid attention to the operation of the elevators.
*353 Upon entering the elevator after making the delivery, Kaufman instructed plaintiff to close the elevator door. The elevator was equipped with a vertical bi-parting door. When opened, the upper half of the door was up and the lower half of the door was below the floor of the elevator. For the purpose of closing the doors straps were attached to the upper part, for use inside or outside. The original or specified length of strap inside had been diminished by wear or otherwise, leaving a shortened strap requiring a higher reach to close the elevator by pulling downward on the strap. The short stature of the plaintiff, coupled with the shortened strap resulted in the plaintiff’s position being near to the door as it closed. According to plaintiff’s testimony he was not aware that the bottom half of the door would rise and meet the upper half midway; that as he pulled downward on the strap operating the door he lost balance to a degree, and that his free hand swung out and was caught between the upper and bottom half of the elevator doors as they came together, with serious injury resulting to his hand. The halves of the door were not equipped with any cushioning device. When the door was closed the elevator could be operated electrically as to its passage up or down, but as indicated above, the opening and closing of the door was required to be done manually.
The plaintiff was a business invitee of the defendant hotel[1] as to whom the hotel owed the duty to keep the premises in a reasonably safe condition and to guard against subjecting the plaintiff to dangers of which the owner was cognizant or might reasonably have foreseen. First Federal Savings & Loan Ass’n of Miami v. Wylie, Fla.1950, 46 So.2d 396; Messner v. Webb’s City, Fla.1952, 62 So.2d 66; McNulty v. Hurley, Fla.1957, 97 So.2d 185, 188; Wallace v. Boca Raton Properties, Fla.App.1958, 99 So.2d 637, 639. As constituting violations of that duty the jury was entitled to consider the absence of the posting of instructional or warning directions in the elevator, the force with which the upper and lower parts of the door came together, with no cushioning device on their edges, the fact that the strap for closing the door from the inside was shorter than the length intended therefor, with the effects the latter feature could have on its use by a person of less than average height. In addition, as bearing on negligence, there was conflicting evidence as to whether in this instance there was a violation of or non-compliance with .a requirement of an ordinance of the City of Miami Beach relating to such elevators.
On the evidence presented we hold that the trial court was in error in concluding, as necessarily was done in granting the judgment under review, that the evidence established beyond issue that as a matter of law the defendant hotel was not negligent, or that the plaintiff was guilty of contributory negligence as a matter of law, or both. Accordingly, we reverse the judgment which the trial court entered in favor of the defendant hotel.
By cross-assignment the defendant hotel presents the contention that if this court should decide that the judgment entered in favor of the hotel should be reversed, and that the verdict for the plaintiff should stand, a new trial should be ordered on the ground that the trial court erred in admitting into evidence the city ordinance relating to operation of the elevator. The applicability of the ordinance to freight elevators as well as to passenger elevators was expressly stated. It specified a certain requirement which was absent in this instance, with an exception as to “elevators having automatic or continuous-pressure operation.” Two expert witnesses for the plaintiff testified that this elevator did not come within that exception. One witness for the defendant testified that it did. On that conflicting evidence relating to the *354 character of this elevator, as to whether it came within the exception in the ordinance, the ruling of the trial court admitting the ordinance was correct.
The judgment appealed from is reversed, and the cause is remanded to the circuit court with direction to reinstate the verdict rendered in favor of the plaintiff against the defendant hotel and to enter judgment thereon.

. Gomez v. Lowell Dunn Company, Fla.App.1969, 221 So.2d 800; Prosser Torts, 3rd Ed., § 61, p. 395 (and eases cited, note 69).