303 So.2d 703 (1974)
Margaret W. INGRAM, Appellant,
v.
Robert Leslie PETTIT, Jr., and the Liberty Mutual Insurance Company, an Insurance Corporation, Appellees.
No. V-426.
District Court of Appeal of Florida, First District.
December 3, 1974.
*704 David R. Lewis of Blalock, Holbrook, Lewis, Paul & Isaac, Jacksonville, for appellant.
John C. Taylor, Jr., of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellees.
PER CURIAM.
Appellant poses the sole point on appeal as: Can voluntary intoxication of a motorist to any degree be the basis of a jury question as to "gross negligence" and consequent punitive damages?
This cause arose out of a rear end collision between an automobile operated by appellant which was stopped for traffic, and an automobile driven by appellee at an estimated speed of 30 to 35 miles per hour. The investigating officer was of the opinion that appellee was intoxicated.[1] The trial court directed a verdict of liability as to appellee's negligence and for the appellee on the issue of punitive damages. The jury was unable to reach a verdict as to the amount of damages, so a mistrial was declared. Subsequently, the trial judge granted appellee's motion for summary judgment on the issue of punitive damages; hence this appeal.
The undisputed facts disclose that the negligent acts on the part of appellee fall within the purview of simple negligence. Stated in another way, absent any proof of intoxication on the part of appellee, unquestionably, punitive damages would not have been sought. Thus the real issue is whether intoxication, coupled with a negligent act, opens the appellee's pockets for punitive damages in the name of gross negligence. Appellant, by her brief, reasons:
"The criminal case law of Florida is almost unbelievably complacent towards the most uncalled for and unnecessary danger on our public highways  the drunk driver... . Rather, we feel that there is no place on our highways for the drunken driver and if the threat of criminal prosecution won't keep him off, maybe the threat of his pocketbook will."
The long and well-established principle of law in this jurisdiction is that to recover punitive damages incident to an accident case a plaintiff must prove culpable negligence, which we defined in Peel v. State, 291 So.2d 226 (1 Fla.App. 1974), as:
"The `culpable negligence' required to sustain a manslaughter charge must be of `a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them.' Savage v. State, 152 Fla. 367, 11 So.2d 778, 779."
The negligent act on the part of appellee did not fall within the definition of gross negligence or culpable negligence. The fact that appellee had partaken of alcoholic beverages immediately prior to the accident does not make an act wanton and reckless that was not otherwise so. Smith v. State, 65 So.2d 303 (Fla. 1953).
The judgment appealed is affirmed.
RAWLS, C.J., and McCORD and BOYER, JJ., concur.
NOTES
[1] Appellee submitted to a breathalizer test and was found to have a blood alcohol content of .26  a legal presumption of intoxication arises on a .10 scale.