305 So.2d 36 (1974)
METROPOLITAN DADE COUNTY, Florida, et al., Appellants,
v.
Diane DILLON, As Personal Representative of the Estate of Darlene M. Dillon, a Deceased Minor, Appellee.
No. 74-105.
District Court of Appeal of Florida, Third District.
December 10, 1974.
Rehearing Denied January 10, 1975.
*37 Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Miami, Richard H.W. Maloy, Coral Gables, for appellants.
Podhurst, Orseck & Parks, Spence, Payne & Masington, Horton, Perse & Ginsberg, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This is an appeal from a final judgment entered after a jury returned a verdict in favor of the parents of Darlene M. Dillon, a six-year-old girl, crushed to death beneath the wheels of a Dade County garbage truck.
The tragedy occurred on the morning of April 9, 1973 as the youngster was walking to school two blocks away from her home. The jury awarded the mother, Diane Dillon, $500,000, and the father, Arthur Dillon, $400,000, based upon a complaint for wrongful death of the child under the Florida Wrongful Death Act (Fla. Stat. §§ 768.16-768.27, F.S.A.).
*38 The appellants have raised a total of eight points on appeal as grounds for reversing the judgment. For reasons to follow, we have concluded that no reversible error has been demonstrated.
The facts, as viewed most favorably to the plaintiffs on appeal from a judgment in their favor, reveal that the accident occurred on N.W. 135th Street, exactly 149 feet and 10 inches to the east of 12th Avenue. Darlene was walking a path to school which her mother had taught her to follow.
The garbage truck, minutes before the accident, had turned left at 12th Avenue onto 135th Street, heading east, and pulled off onto a grassy area north of 135th Street to make a pickup approximately 30 to 35 feet east of 12th Avenue.
Two helpers on the truck spotted Darlene as she walked past the truck in an easterly direction towards a crosswalk which her mother had instructed her to use in crossing 135th Street. The street has two lanes of traffic, both running eastward and is heavily traveled, particularly during the morning rush hours.
After the helpers had loaded garbage from a nearby garbage can, they got back onto the truck. The defendant, Earnest Lee Harris Brooks, the truck driver, was preoccupied with observing the activity of the members of his crew through the rear-view mirror. He never saw Darlene until after the accident.
He started the truck and began proceeding eastward along the grassy area, slightly angled toward the street, and according to the garbage truck crew, the vehicle was traveling five miles per hour.
The truck traveled approximately 105 feet before striking Darlene. An eyewitness, Mrs. Elizabeth Hrach, who was looking out of a window in her house, testified that she saw the girl's body being flipped through the air, "like a rag doll," approximately four feet high and along side the left front door of the garbage truck.
After the girl landed on the ground, Mrs. Hrach said she saw her body coming from underneath the rear wheels of the truck, with her head pointed to the east and her feet to the west.
The record also contains testimony that the girl was walking along a path normally used by pedestrians, and the appellees introduced two county ordinances, Section 30-1(46) and 30-27 of the Metropolitan  Dade County Traffic Ordinances, demonstrating that the area could be considered a "sidewalk" and the garbage truck was prohibited from driving thereon.
Likewise, the appellants introduced another ordinance § 30-80(1) purporting to forbid them from parking the truck on the highway and thereby affording them the right to be on the grassy area north of 135th Street.
As their first two points on appeal, appellants contend that the trial court should have directed a verdict in favor of the defendants at the close of the plaintiffs' case and should have granted a motion for a new trial on liability. We cannot agree.
Appellants argue that "the mere occurrence of an accident is not enough to establish negligence of anyone" [citing Ward v. Everett, 1941, 148 Fla. 173, 3 So.2d 879; Stolmaker v. Bowerman, Fla.App. 1958, 100 So.2d 659]. While we agree totally with that proposition of law, we think that from the weight of the direct and circumstantial evidence introduced at trial, the jury verdict finding negligence was supported by substantial competent evidence.
Therefore, we conclude that the court properly denied both motions for a directed verdict and for a new trial. E.g., Coast Cities Coaches v. Donat, Fla.App. 1958, 106 So.2d 593; Shepherd v. Finer Foods, Inc., Fla. 1964, 165 So.2d 750; Franklin v. Dade *39 County, Fla.App. 1970, 230 So.2d 730; Hodge v. Jacksonville Terminal Co., Fla. 1970, 234 So.2d 645; Camperlengo v. Doolittle, Fla.App. 1970, 237 So.2d 82, cert. denied, Fla. 1970, 240 So.2d 638.
Both parties have argued that the other side offered theories of the accident which required the jury to draw unreasonable inferences to determine how the accident occurred. Our review of the record, however, convinces us that the plaintiffs in this case supplied ample proof of the defendants' negligence, and the jury was justified in reaching the conclusion which it did.
In their brief, appellants contend that the accident was caused apparently when Darlene lost control of her lunch pail which fell under the garbage truck. According to appellants' account, Darlene then became excited and attempted to reach under the truck to retrieve her lunch. However, she was unable to retrieve it before the rear tires of the truck passed over her body while she was lying in a prone position.
As support for this theory, appellants rely on photographs introduced as plaintiffs' exhibits at the trial which depict only part of Darlene's lunch box was run over by the garbage truck. In our opinion, the appellants offer mere speculation and conjecture, unsupported by the record, as to how the accident happened. At best, appellants have presented a conflicting version of the accident which the jury has resolved against them.
The appellees introduced testimony in the record to prove that Darlene passed the garbage truck heading eastward towards a pedestrian crosswalk. She was spotted by the two helpers on the garbage truck crew, but the driver never saw her. The latter was preoccupied with the activity of his crew. Darlene continued eastward some 105 feet in an area where pedestrians normally walk. The garbage truck started forward to make another pickup, but the driver did not see Darlene. The truck struck the little girl from behind towards the left front area of the vehicle, knocked her into the air and passed over her body with the left rear tires.
Further, Brooks conceded on cross-examination that he was familiar with the area and aware that he was near a school and children might be in the immediate vicinity. It is our conclusion that the appellees established a prima facie case of negligence from which the jury could return a verdict in their favor.
Appellants' third point on appeal questions the admission into evidence of the two county ordinances previously mentioned. In Florida, the violation of such ordinances would normally constitute prima facie evidence of negligence, which may be overcome by other evidence introduced in a given case. Gudath v. Culp Lumber Company, Fla. 1955, 81 So.2d 742; McNulty v. Garvey, Fla.App. 1966, 189 So.2d 234; Chimeno v. Fontainebleau Hotel Corporation, Fla.App. 1971, 251 So.2d 351. Appellants have not demonstrated that the introduction of the two ordinances in question for the purpose of defining a sidewalk and prohibiting driving on a sidewalk constitutes reversible error.
Appellants' fourth point on appeal challenges the trial court's refusal to permit the appellants to argue to the jury or to instruct the jury that the negligence of Darlene either solely caused or contributed to the fatal accident.
Appellants cite our Supreme Court's landmark opinion in Hoffman v. Jones, Fla. 1973, 280 So.2d 431 and Thornton v. Elliott, Fla. 1974, 288 So.2d 254 as support for a charge to the jury on negligence committed by Darlene.
However, the trial judge specifically found that "[T]here wasn't anything the little girl was doing wrong that has been shown here" and "she was where she was supposed to be." We note that Darlene was not quite three months past her sixth birthday when she was killed. A child under *40 six is conclusively presumed to be incapable of committing contributory negligence. Swindell v. Hellkamp, Fla. 1971, 242 So.2d 708.
Moreover, one who is not in a position to appreciate or apprehend the danger to which he is exposed can hardly be deemed guilty of contributory (comparative) negligence. Foulk v. Perkins, Fla. App. 1966, 181 So.2d 704; Hialeah Hospital, Inc. v. Johnson, Fla.App. 1972, 268 So.2d 424. We think this legal principle is accented by the facts of the cause sub judice.
Next, appellants allege reversible error due to the rebuttal argument made to the jury by the plaintiffs' lawyer. Appellants submit the argument was inflammatory and caused the jury to reach its verdict on the basis of passion and prejudice. We disagree.
It cannot be denied that appellees' counsel used strong and zealous language in his rebuttal. Appellants object to counsel's characterization of appellants' attorney as the "insurance company's lawyer" who was seeking to "soft-soap" the jury. Appellees' counsel stated to the jury that appellants' lawyer was seeking to be the "hero" for Continental Insurance Company by "getting out as cheap as he can."
However, the record also reveals that appellants' counsel was not timid or inhibited during his closing remarks to the jury. He referred to appellee Diane Dillon's trial attorney, Mr. J.B. Spence, as "a great salesman" attempting to turn tragedy into a "commercial enterprise." Counsel further implied that the reason the case had turned into a "commercial venture" was that "somebody wants the Cadillacs and somebody wants the big houses."
In a case such as this one, involving a horrible human tragedy and almost immeasurable loss, it must be expected that counsel during closing summation to the jury will engage in sometimes emotional and heated debate. Counsel are accorded a wide latitude in making arguments to the jury, and unless their remarks are highly prejudicial and inflammatory, counsel's statements made to the jury during closing arguments will not serve as a basis for reversing a judgment. Wise v. Jacksonville Gas Corporation, Fla.App. 1957, 97 So.2d 704; Lovell v. Henry, Fla.App. 1968, 212 So.2d 67; Broge v. State, Fla. App. 1974, 288 So.2d 280. In the instant case, the remarks complained of were not of such an inflammatory character as to mandate a new trial.
Under their sixth point, appellants directly attack the size of the verdict, contending that the total sum of $900,000 was excessive. Appellants cite two cases, Washwell, Inc. v. Morejon, Fla.App. 1974, 294 So.2d 30 and Threets v. Hardison, Fla. 1971, 255 So.2d 267. The first case, which involved an elderly woman in her late eighties who lost her arm in an accident at a laundromat, is clearly distinguishable from the case before us.
And, our review of the record reveals ample evidence to prove damages under the standards enunciated in Threets v. Hardison, supra. One witness after another, consisting of Darlene's teachers, relatives and friends, described the young girl as "bright," "alert," "beautiful," "obedient," "happy" and "loving." There was also evidence concerning the traumatic effect of this accident on both parents who were each 27 years old at the time of trial.
We think the evidence supports the amount awarded by the jury as damages which the parents have suffered and will suffer the rest of their lives. It is not the function of judges to serve as the seventh juror in a case such as this one, and any shock to the judicial conscience must be traced back to the record on appeal. Laskey v. Smith, Fla. 1970, 239 So.2d 13; see also, Winner v. Sharp, Fla. 1950, 43 So.2d 634; Compania Dominicana de Aviacion v. Knapp, Fla.App. 1971, 251 So.2d 18, cert. denied, Fla. 1971, 256 So.2d 6.
*41 We have also considered the appellants' seventh and eighth points on appeal. The seventh point challenges the testimony by a psychiatrist concerning the possibility of suicide by the victim's mother, appellee Diane Dillon, resulting from her diagnosed condition of "depressive neurosis" following the traumatic loss of her daughter.
The eighth point raises error in a jury instruction advising the jury that Metropolitan Dade County was vicariously liable for any negligence committed by the driver of its garbage truck.
We find both of these latter points devoid of substantial merit.
Therefore, for all of the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.
BARKDULL, Chief Judge (concurring in part, dissenting in part).
I concur in the majority opinion authored in this case, except as it relates to the error urged in the rebuttal argument made by the plaintiff's counsel.
It is my understanding that closing argument to the jury is for the purpose of permitting counsel to discuss with the jury their version of the evidence and reasonable inferences therefrom, in light of the issues as framed by the pleadings. And, it is not the function of closing argument for counsel to try each other verbally before the jury. It is true that Mr. Hoeveler, counsel for the defendants, first mentioned in his closing argument that Mr. Spence, counsel for the plaintiff, was a great salesman. However, I find Mr. Spence's reply to have been a prejudicial and highly inflammatory comment to the jury which, in part, was as follows:
* * * * * *
"You know, does Mr. Hoeveler really think that you are stupid? Does he?
"It is incredible to me. You know, he is the insurance company's lawyer. Think about that. Good looking, smooth, silky, charming; but his job is to get out as cheap as he can. Throw some pennies down there.
"`These nice folks,' he says, but they will walk back to the office and call Continental Insurance Company and say, `Boys, I did it again. I soft soaped that jury. They gave those people pennies and I am a hero with Continental.'
"You all weren't born yesterday. That is his job. He is a magician, sleight of hand."
* * * * * *
This type of argument was clearly a plea to the prejudice of the jurors against insurance companies and was in no way a comment on the evidence presented to the jury. See: Tampa Transit Lines v. Corbin, Fla. 1952, 62 So.2d 10. My reason for dissenting on this point and urging a new trial on damages is that objections were made at the time this argument was advanced and the trial court, in denying same, indicated that counsel would be permitted to continue along this line of argument. The point was further presented to the trial judge in the motion for new trial and denied.
Therefore, I would sustain the verdict as to liability and order a new trial on damages.