337 So.2d 1002 (1976)
George Edward WALKER, Sr., Individually, and As Administrator of the Estate of George Edward Walker, Jr., Appellant,
v.
The CITY OF MIAMI, a Municipal Corporation of the State of Florida, et al., Appellees.
Nos. 75-1208, 75-1207.
District Court of Appeal of Florida, Third District.
September 14, 1976.
*1003 Podhurst, Orseck & Parks, Arthur Lee Willner, Susan Goldman, Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan, O'Hara and Richard A. Sherman, Fowler, White, Burnett, Hurley, Banick & Knight, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PEARSON, Judge.
The appellant, George Edward Walker, Sr., has brought two actions arising out of the death of his son, one in his individual capacity and the other as administrator of the Estate of George Edward Walker, Jr., pursuant to Fla. Stat. §§ 768.03 and 46.021 (1971).[1] The causes were consolidated for trial and the separate appeals have been consolidated in this court. In addition, for trial purposes, the trial court consolidated with the Walker cases the case of Norman E. Lyon, whose son was killed in the same accident. These appeals now before us are from the final judgments in the Walker actions.
The appellant received from the jury verdicts of $100,000.00 in damages in the wrongful death action and $15,000.00 in the survival action. Appellant's motion for a new trial was grounded upon a claimed inadequacy of the amount of the verdicts and, as basis therefor, the motion cited alleged errors in the court's ruling upon the pleadings as well as rulings on evidence and argument during trial. We have reviewed each of the assigned errors in light of their possible effect upon the claimed inadequacy of the verdict and find that the trial judge did not abuse his discretion in denying the motion for a new trial. See Alicot v. Dade County, Fla.App. 1961, 132 So.2d 302.
Appellant urges error in the consolidation for trial of the Walker and the Lyon cases. The ruling of the trial court in consolidating these actions for trial is expressly provided for by RCP 1.270. At the time of the ruling, the negligence issues were identical. There was no distinctive or different claim for damages which, upon the face of the pleadings, made consolidation for trial inconvenient or prejudicial to the claims of *1004 plaintiff Walker. After the order of consolidation for trial and immediately prior to trial, the defendants admitted liability. If, at that time, it appeared to plaintiff Walker that some prejudice attached to him in the proof of his damages, relief should have been sought pursuant to subsection (b) of the rule expressly providing for an order for separate trial of any claim where the court determined that a separate trial would be in the furtherance of convenience or would avoid prejudice. The convenience of the joint trial where the trial was long and expensive is apparent. The motion claiming prejudice was made after the trial. The error assigned upon the order consolidating the causes for trial is not well-taken.
The record does not reveal prejudice during trial due to consolidation that can be said to have contributed to the claimed inadequate verdicts. The appellant points to claims of greater suffering by this father; however, the amount of the verdict rests with the jury and will not be set aside as being inadequate unless the inadequacy clearly appears or the record reveals prejudice or sympathy as a basis for the verdict. See West v. Food Fair Stores, Fla.App. 1974, 305 So.2d 280. We recognize that a joinder of two plaintiffs for the trial of their separate damages would not ordinarily be made where the separate damages were the only issues to be tried. In the present case, where no mention of separate trials was made on the damage issues until after trial and the record of the trial does not reveal any substantial prejudice because of the joint trial, we hold that it was not error to deny the motion for new trial upon the ground of the claimed error of the joinder. See the rule in Ridarsick v. Amirkanian, Fla.App. 1962, 147 So.2d 580; and Morin v. Halpern, Fla.App. 1962, 139 So.2d 495, 2 A.L.R.3d 439.
A second claimed error in the court's rulings upon the pleadings is that the court erred in striking the plaintiff's claim for punitive damages. Punitive damages against the City of Miami were stricken on the basis of cases holding that punitive damages are not allowable against a municipality. Fischer v. City of Miami, Fla. 1965, 172 So.2d 455; and Modlin v. Washington Avenue Food Center, Fla.App. 1965, 178 So.2d 596. The order striking the claim for punitive damages against Wagner Electric Company was entered after pretrial conference. Plaintiff did not develop any theory of the evidence through discovery or during trial that would bring this case within the rule requiring wantonness or reckless indifference and disregard. See Ingraham v. Pettit, Fla.App. 1974, 303 So.2d 703; Tuel v. Hertz Corporation, Fla.App. 1974, 296 So.2d 597.
As to the conduct of the trial, the appellant urges error in the court's exclusion of photographs of the deceased child taken at the morgue. He argues that the photographs were relevant to the amount of his mental suffering and the evidence did show that he viewed his son's body at the morgue. The trial court, in its discretion,[2] admitted into evidence two photographs showing the accident scene and the body of the minor son. In addition, the father was allowed to describe the scene and the condition of the body at the time that he viewed his son's body at the morgue. Because the photographs were cumulative and added nothing on any disputed issue, we hold that an abuse of discretion is not shown. See Driscoll v. Morris, Fla.App. 1959, 114 So.2d 314.
A second point directed to the conduct of the trial urges error upon defense counsel's argument to the jury. Plaintiff's counsel, in closing argument, urged a liberal verdict because of the value of human life and referred to the earning capacity of certain persons in professional sports. In response, counsel for the defendants referred to the amounts paid under the workmen's compensation law and an average insurance contract. Both arguments were outside the scope of the evidence. But, in view of the latitude allowed in argument and the court's instruction that such arguments *1005 were not evidence, we do not think that reversible error is shown. See Metropolitan Dade County v. Dillon, Fla.App. 1974, 305 So.2d 36; Lovell v. Henry, Fla. App. 1968, 212 So.2d 67; and H.I. Holding Company v. Dade County, Fla.App. 1961, 129 So.2d 693.
Appellant's remaining points have been examined and found not to present reversible error; accordingly, this appeal from the denial of a new trial upon the basis of a claimed inadequate verdict is hereby affirmed.
Affirmed.
NOTES
[1] Under the circumstances of this case, these statutes have been superseded by Fla. Stat. § 768.16 et seq.
[2] See RCP 1.450.