PER CURIAM.
At issue here is a trial court order granting appellees a new trial after the jury returned a $450,000 verdict for appellant in a wrongful death action. Appellees admitted liability in the case and the trial was held solely to determine damages. The court granted appellees’ motion for a new trial after the rendition of the verdict on grounds that (1) the verdict was against the manifest weight of the evidence, (2) appellant’s trial counsel had made an improper *29 “Golden Rule” argument in his closing statement, and (3) the jury had considered matters outside the record, i. e., the tax consequences of the award, in arriving at their verdict.
Appellant argues that the granting of a new trial was erroneous because the verdict did not “exceed the maximum limit of a reasonable range within which the jury may properly operate.” Bould v. Touchette, 349 So.2d 1181 (Fla.1977); Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla.1977). Appellees insist that the broad discretion given to trial judges in granting a new trial should not be disturbed on appeal. Castlewood International Corporation v. LaFleur, 322 So.2d 520 (Fla.1975). We agree with appellant and reverse.
There is no evidence in the record here that the verdict was against the manifest weight of the evidence. To the contrary the testimony showed that appellant’s minor daughter died over a period of nine days after she was negligently injected in the spine with a toxic drug during an outpatient chemotherapy treatment for leukemia. Appellants were told immediately that nothing could be done to prevent their daughter’s death. There was ample proof of their mental pain and suffering during the 9-day period that she survived as well as after her death.
With regard to the purported “Golden Rule” argument, the record shows that appellant’s counsel’s remarks, if indeed they could be classified as “Golden Rule” argument, were timely objected to by appellees’ counsel and a sharply-worded cautionary instruction was given by the court. We also note from the trial transcript that both parties’ counsel used the abstract “you” in their closing remarks to the jury.
Similarly, the jury’s question about the tax consequences of their award was harmless under the circumstances presented here. The court instructed the jury clearly that tax matters were not in evidence and that they must decide the case solely on the evidence presented. We will not presume that the jury ignored those instructions.
In summary, the record before us, which is the same record which was before the trial judge, reveals no basis for disturbing the jury’s verdict. We therefore reverse the order granting a new trial and remand the case for reinstatement of the jury’s verdict.
REVERSED and REMANDED.
McCORD, C. J., and BOYER and MILLS, JJ., concur.