**ASAD MAHMOUD SHIHADEH, Individually as Father and Next Friend of FATIMAH SHIHADEH and HASAN SHIHADEH, and as the personal representative of KIFAH SHIHADEH, deceased; and NAEMAH SUID SHIHADEH, Plaintiffs**

v.

**UNITED STATES OF AMERICA and WILLIAM L. BONNETT, JR., Defendants**

Civil No. 79-232

District Court of the Virgin Islands

Div. of St. Croix

January 22, 1981

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

JAMES W. DIEHM, ESQ. (ISHERWOOD, BERNARD & DIEHM), Christiansted, St. Croix, V.I., *for plaintiffs*

ISHMAEL MEYERS, ESQ., United States Attorney, MARY L. GRAD, ESQ., Special Assistant United States Attorney, Christiansted, St. Croix, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM

This case was tried before the Court on November 11 and 14, 1980. At the close of trial, after the Court had fully considered the evidence adduced, the Court rendered its decision on the issue of liability, but reserved its resolution on the issue of damages for a later determination. The following memorandum sets forth the amount of damages to be awarded to the plaintiffs as well as the underlying reasons for the awards.

This is an action brought under the Federal Torts Claims Act. It arises out of a motor vehicle collision which occurred on January 4, 1978. On that date plaintiff, Asad Shihadeh, and three of his minor children, Kifah Shihadeh, 7 years old, Hasan Shihadeh, 4 years old, and Fatimah Shihadeh, 5 years old, were in a motor vehicle that had stopped in the left lane of the four-lane Melvin Evans Highway in St. Croix. William Bonnette, an employee of the United States, so negligently drove the vehicle he was then operating that he ran into the rear end of the stopped Shihadeh vehicle. One of the children, Kifah Shihadeh, died as a result of injuries sustained in the accident. Asad, Hasan and Fatimah all claim that they sustained personal injuries.

At trial, we found full liability on the part of the defendant United States by reason of negligence of its employee in causing the collision. We found no contributory negligence on the part of the plaintiff, Asad Shihadeh. There are five separate and distinct claims for damages which include Mr. Asad Shihadeh's claim for the wrongful death of Kifah Shihadeh, Mrs. Naemah Shihadeh's claim for the wrongful death of Kifah Shihadeh, Hasan Shihadeh's claim for personal injuries, Fatimah Shihadeh's claim for personal injuries, and Mr. Asad Shihadeh's claim for personal injuries.

## WRONGFUL DEATH

Turning first to the wrongful death claims, the parents' right to recover damages for the death of Kifah Shihadeh is derived solely from our wrongful death statute, 5 V.I.C. § 76. That provides in pertinent part:

*Legislative Intent*

(a) It is the public policy of the Territory to shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer. Subsections (b) through (j) of this section are remedial and shall be liberally construed. . . .

*Damages*

(e) . . .

(4) Each parent of a deceased minor child may also recover for mental pain and suffering from the date of injury.

(5) Medical or funeral expenses due to the decedent's injury or death may be recovered by a survivor who has paid them.

■ Under 5 V.I.C. § 76(e)(5) Mr. Shihadeh has a right to recover the $253.00 he spent on Kifah's funeral expenses. Mr. Shihadeh also has a valid claim for his mental pain and suffering due to the death of his child. 5 V.I.C. § 76(e)(4). From the record there can be no doubt that Mr. Shihadeh has suffered and will continue to suffer greatly as a result of this loss. On the evening of the accident, Mr. Shihadeh saw Kifah as she lay dead (or dying) at the scene of the accident. Dr. Olaf Hendricks, a psychiatrist, testified that Mr. Shihadeh has suffered from significant depression due to the loss of his daughter which has caused headaches requiring treatment with valium. Mr. Saleh, a businessman who worked with Mr. Shihadeh and is a friend of the family, testified that prior to the death of Kifah, Mr. Shihadeh was an effective door-to-door salesman of clothing. However, since Kifah's death, Mr. Shihadeh has been depressed, distracted, and has had memory lapses so that he no longer is able to sell clothes and has had to take a job as a security guard which pays less money. Furthermore, Mr. Shihadeh's demeanor and appearance at trial evidenced the suffering he has endured as he appeared to be very depressed, saddened and shaken by the loss of his child.

Mrs. Shihadeh also has a claim for the mental pain and suffering she has been caused to bear because of Kifah's death. 5 V.I.C. § 76(e)(4). Mrs. Shihadeh has suffered greatly since the evening when she initially saw her daughter's corpse at the hospital. Dr. Hendricks found Mrs. Shihadeh to be tearful, withdrawn and testified that she suffers from headaches. Her somber appearance and depressed demeanor at trial also stood as mute evidence of her inconsolable suffering.

Although a monetary award for such injuries as mental pain and suffering is by its very nature inexact, yet must be determined from the evidence in each particular case, the damages awarded in other

cases under similar circumstances provide useful guidelines. As the Virgin Islands wrongful death statute is taken from the Florida statute, Fla. Stat. §§ 768.16–768.27, Florida precedents are the most persuasive.

In Metropolitan Dade County v. Dillon, 305 So. 2d 36 (Ct. App. Fla. 1974), the Court deemed appropriate a $500,000.00 award for the mother and a $400,000.00 award for the father, for the pain and suffering they incurred and would incur as the result of the wrongful death of their six-year-old daughter who was crushed by a truck. In the case of Bell v. Baptist Memorial Hospital, Inc., 363 So. 2d 28 (Ct. App. Fla. 1978), $450,000.00 was awarded to the parents for their mental pain and suffering resulting from their minor daughter's death, caused by a negligent injection of a toxic drug. The court in Compania Dominicana de Aviacion v. Knapp, 251 So. 2d 18 (Ct. App. Fla. 1971), upheld an award of $1,800,000.00 for the death of two children in an airplane crash.

As the foregoing authorities suggest, the Florida wrongful death statute has been interpreted to allow very substantial awards to parents for mental pain and suffering and therefore our statute should be likewise so interpreted.

■■ We thus conclude that it would be appropriate in this case, due to the severity of the pain and suffering these parents have endured and will continue to endure, to award Mr. Shihadeh $200,000.00 and to award Mrs. Shihadeh $175,000.00, for the death of their 7-year-old daughter, Kifah.

## PERSONAL INJURIES

■ Fatimah Shihadeh has a valid claim for damages for the personal injuries she suffered as a result of the accident. Fatimah incurred a concussion, lacerations to her head and upper lip, and was rendered unconscious by the car crash, necessitating a stay of approximately three days in the hospital. Fatimah also was emotionally traumatized by the accident. She frequently cries, has difficulty relating to her peers, and has had problems learning in school, which has caused her to be held back a year. The expert witness, Dr. Jesus Vélez Borrás, a pediatric neurologist, diagnosed the cause of her learning problems to be maturational factors aggravated by language difficulties and reactive childhood depression caused by the accident. Dr. Borrás testified that Fatimah will need further psychologic, psychiatric, pedagogic, psychometric, and speech evaluation and that it is likely that she will need special education. The Court will award Fatimah $28,000.00 to compensate her for the pain

and suffering she has suffered and will suffer as a result of the accident, and for the estimated costs of future medical treatment.

■ Hasan Shihadeh also has a valid claim for personal injuries. The physical injuries Hasan suffered include an abrasion on the top of his head and a loss of consciousness. Hasan was hospitalized for 24 hours for these injuries. Hasan also was emotionally scarred by the accident as his frequent crying, nightmares, nervousness and a fear of travelling in cars evidences. He also has had learning difficulties which have caused him to be held back a year in school. Dr. Borrás testified that Hasan's school problems are caused by maturational factors aggravated by language difficulties and the reactive childhood depression caused by the accident. As does Fatimah, Hasan will need further psychologic, psychiatric, pedagogic, psychometric, and speech evaluation and he is also likely to need special education. We will award $25,000.00 to Hasan to compensate him for his pain and suffering and for his estimated future medical costs.

■ Although Mr. Shihadeh argues that he should be given a personal injury award, the Court finds that the physical injuries he sustained from the accident were too minor to merit an award. Mr. Shihadeh argues that he suffered an injury to his back, but he was not hospitalized for this injury, and the hospital records indicate that there was no fracture or other serious trauma. We also find that any mental pain and suffering of Mr. Shihadeh is a result of his grief over the death of his daughter, rather than due to any personal injury he suffered from the accident. However, the Court will award Mr. Shihadeh $471.20 for the medical expenses he has incurred for himself and his family which resulted from the accident.

### SUMMARY

In conclusion, this Court will award Mr. Shihadeh $253.00 for funeral expenses, $200,000.00 for mental pain and suffering arising from the death of Kifah, and $471.20 for medical expenses. Mrs. Shihadeh will be awarded $175,000.00 for her mental pain and suffering caused by Kifah's death. Fatimah Shihadeh will be awarded $28,000.00 for her personal injuries and Hasan Shihadeh will be awarded $25,000.00 for his injuries. The sum total of the awards to all the plaintiffs will be $428,724.20.

The plaintiffs will submit a proposed judgment consistent with all the foregoing.