ON MOTION FOR REHEARING
STONE, Judge.
We grant appellee’s motion for rehearing and republish our corrected opinion as follows:
This appeal is from a final judgment, in favor of the defendant-driver Holvey, upon a directed verdict entered in a negligence action brought on behalf of a four-year-old plaintiff. We reverse, concluding that there was sufficient evidence for the jury to resolve whether the appellee used due care under the circumstances.
*428 The Holvey auto was heading north in the center lane when the child ran out from in front of a van which had stopped to Holvey’s left. The plaintiff and another child had already crossed to the median and were waiting for Tabetha’s sister, still standing by the curb, to cross. Michaud, the van driver, believed the children were in danger and stopped her van in the inside traffic lane adjacent to the median. She put on her rear emergency flashers, left the van, and attempted to grab Tabetha, who had been stepping on and off the median. Seeing this, the sister on the curb called out and Tabetha ran in front of the Holvey car. She was struck and injured.
Holvey contends that she was not aware of the presence of the children and cannot recall whether she saw the emergency lights flashing on the van. She had seen the van stop but assumed it had stalled.
It is undisputed that Holvey was driving below the speed limit and that there was no designated crosswalk at the scene. There was a flashing caution light, for emergency vehicles, just before the scene, as well as a “Polar Cup” ice cream store frequented by children in the immediate area.
Upon an examination of the record, we conclude that there was sufficient evidence, given the circumstances and sequence of events, from which a jury could conclude that Holvey saw or should have seen, and appreciated, the dangerous conditions ahead but was inattentive. Cf. Railway Express Agency, Inc. v. Brabham, 62 So.2d 713 (Fla.1952); Gardella v. Stone, 507 So.2d 1228 (Fla.5th DCA 1987); Metro. Dade County v. Dillon, 305 So.2d 36 (Fla.3d DCA 1974), cert. denied, 317 So.2d 442 (Fla.1975). We have considered Baro v. Wilson, 134 So.2d 843 (Fla.3d DCA 1961), and Ward v. Everett, 148 Fla. 173, 3 So.2d 879 (1941), but deem them to be inapposite.
Accordingly, the final judgment in favor of the appellee Holvey and the final judgment in favor of the third party defendant Michaud on Holvey’s claim for contribution, consolidated on appeal, are reversed and the cause is remanded for further proceedings.
ANSTEAD and WARNER, JJ., concur.